677 So.2d 705 (1996)
STATE of Louisiana
v.
David PRICE.
No. 95 KA 0997.
Court of Appeal of Louisiana, First Circuit.
June 28, 1996.
*706 Sue Bernie, Assistant District Attorney, Baton Rouge, for State of Louisiana.
Brent K. Delee, Baton Rouge, for Defendant-Appellant David Price.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
LOTTINGER, Chief Judge.
The defendant, David Price, was charged by bill of information with one count of aggravated oral sexual battery, La.R.S. 14:43.4, and four counts of molestation of a juvenile by virtue of a position of control or supervision over the juvenile, La.R.S. 14:81.2. Initially, the defendant pleaded not guilty. Thereafter, pursuant to a plea bargain agreement, the defendant pleaded guilty as charged. On appeal, we affirmed the defendant's convictions, vacated his sentences and remanded the case for resentencing.[1] On resentencing, the defendant received a sentence of fifteen years at hard labor on the aggravated oral sexual battery conviction and fifteen years at hard labor on each of the four molestation convictions, all sentences to run consecutive to one another, for a total of seventy-five years, with credit for time served.[2] He has appealed, alleging two assignments of error:
1. The trial court erred in imposing consecutive, rather than concurrent, sentences.
2. The trial court erred in imposing the maximum sentence on the four (4) counts of molestation of a juvenile.

FACTS
Because there was no trial in this case, the factual information is derived from the presentence investigative report and the trial court's comments on the facts during both sentencing hearings. The defendant, age thirty at the time of conviction, befriended the victims' mother while she was separated from the victims' father; at that time, the children were ages one, four, five, and seven. After the parents reunited, defendant remained a friend of the family and continued to be entrusted with the care of the children in the parents' absence. Defendant molested each of the four children on numerous occasions and photographed the children in posed, sexually explicit positions, both separately and together. His crimes against these children were discovered when a photo lab employee notified authorities of the content of film she was processing; the defendant was identified when he examined the negatives and ordered prints made.[3]
For his conviction of aggravated oral sexual battery, the defendant could have been sentenced to imprisonment for not more than twenty years, with or without hard labor.[4] La.R.S. 14:43.4(C). For each of the counts of molestation of a juvenile, he could have been sentenced to fifteen years imprisonment, with or without hard labor. La.R.S. 14:81.2(C).
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
In assignment of error number one, defendant contends the trial court erred in failing to comply with the sentencing guidelines of *707 La.Code Crim.P. art. 894.1[5] in imposing consecutive sentences.
A trial court is required to "consider" the Felony Sentencing Guidelines in imposing sentence and to state for the record the considerations taken into account and the factual basis for the sentence imposed. La. Code Crim.P. art 894.1(A) & (C). Provided the court complies with these requirements of article 894.1, it has "complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted...." State v. Smith, 93-0402, p. 3 (La. 7/5/94), 639 So.2d 237, 240 (on rehearing) (footnote omitted). The supreme court has described our duty as a reviewing court as follows:
[W]here the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Smith, 93-0402, p. 3, 639 So.2d at 240.
At resentencing, the trial court referred to and incorporated its reasons on original sentencing and commented again upon the defendant's crimes and criminal history.[6] The court had reviewed the presentence investigation report, which recommended the imposition of maximum sentences of incarceration. The report bases this recommendation on several factors including defendant's predatory nature in seeking out his victims and gaining their trust and affection and his total lack of pity for his victims while committing these "vile crimes." The report deplores the appalling effect of the "repulsive pictures" defendant took of the children which, according to the report, "leads one to wish that this individual will never be allowed to roam free within society again."
At the beginning of defendant's first sentencing hearing, the district court took cognizance of defendant's status as a second felony offender with numerous other arrests for crimes against children. The court noted that defense counsel had been given an opportunity to review the presentence investigation report[7] and that defendant and his counsel had been afforded an opportunity to make comments, which they declined. At the second sentencing hearing, the court again referred to the presentence investigation report and stated it had considered the sentences within the Sentencing Guidelines but rejected them because they were "inapplicable under the heinous circumstances of these offenses."[8] The court found that there were no mitigating circumstances.[9] The instant record clearly shows that the district court considered the sentencing guidelines, decided to depart from them, and gave extensive reasons for its upward departure. Therefore, the defendant's arguments regarding the district court's failure to follow the sentencing guidelines is without merit.
Although a sentence falls within the statutory limits, it may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Willis, 591 So.2d 365, 373 (La.App. 1st Cir.1991), writ denied, 594 So.2d 1316 (La.1992). However, a trial court has great discretion in imposing a sentence within the statutory limits and such a *708 sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475, 478 (La. 1982).
Defendant also contends that the sentences are constitutionally excessive arguing that the crimes arise out of a "common scheme or plan" justifying concurrent, rather than consecutive, sentences. La.Code Crim.P. art. 883 provides in pertinent part as follows:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.
However, even if convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive. State v. Ortego, 382 So.2d 921, 923 (La.), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980). Other facts must be taken into consideration in making this determination. For instance, consecutive sentences are justifiable where a defendant's past conduct and repeated criminality over an extended period of time poses an unusual risk to the public. State v. Willis, 591 So.2d at 375; see also, State v. Martin, 558 So.2d 654, 665 (La.App. 1st Cir.), writ denied, 564 So.2d 318 (La. 1990).
The presentence investigative report contains numerous psychological evaluations which indicate defendant acknowledged a history of molesting minors since he was twelve years old; the victims included the children of his siblings and their friends.[10] His only sexual experiences were with children. Defendant preferred to abuse "pre-speech" children because they could not report his actions to their parents; he also abused older children, but the episodes involving them diminished as they became older. According to the report, defendant said he wanted to do other things to the children, but he limited the molestation to the type which would presumably not be likely to be discerned or discovered and reported. Defendant stated that the photographs of the nude, posed children were for his future use when his needs changed.
In referring to defendant's history and his letter to the court, the district court remarked that defendant showed no remorse for these acts or any prior criminal acts against children and he expressed belief that he caused little, if any, harm to these children. Defendant's concern was how he might be treated by the system of justice and how he could "get out from all of this legal stuff." The court took cognizance of notations in the presentence report that the instant victims suffered significant, possibly permanent, psychological damage and economic loss. The court found that the record reflected no organic mental disease or any other physically treatable defect which would be responsible for defendant's deviant behavior and that defendant voluntarily discontinued prior attempts at treatment and medications.[11]
The trial court noted, too, defendant's violent history which included starting fires, cruelty to animals, carrying weapons, and "pulling a gun" on persons. The court opined that at the time of defendant's prior conviction he was a true and actual danger to children and the instant convictions prove he remains one. Based on defendant's letter and his record and psychological history, the court deemed defendant a "member of the worst offenders of his class" who was likely to repeat his crimes. The court concluded that defendant's "history, together with the nature and extent of the present crimes and the extreme youth of the victims, warrants the maximum sentence on each count to be served consecutively."[12]
Because the record contains sufficient factual basis to determine that defendant's past *709 conduct and repeated criminality over an extended period of time poses an unusual risk to the public in light of his perversity and callous disregard for children and others, it is unnecessary to review the district court's finding that the crimes against these children were not a single course of conduct. The facts of this case overwhelmingly establish that consecutive sentences are justifiable; this assignment of error is without merit.
In his second assignment of error, defendant contends the trial court erred in imposing the maximum sentences on the four counts of molestation of a juvenile. This Court has stated that maximum sentences permitted under statute may be imposed only for the most serious offenses and the worst offenders, State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983); or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. See State v. Chaney, 537 So.2d 313, 318 (La.App. 1st Cir.1988), writ denied, 541 So.2d 870 (La.1989).
In imposing a maximum sentence, a court may consider the benefits of a reduced penalty exposure which the defendant obtained as the result of a plea bargain. State v. Lanclos, 419 So.2d at 478. The instant sentences were imposed under a plea bargain. Despite defendant's assertion that the only evidence against him was his own statement, the defendant pleaded guilty to the enumerated offenses in exchange for the State's dismissal and non-prosecution of other charges and its abandonment of the habitual offender charge, all of which would have exposed the defendant to increased sentences.
In distinguishing this from other cases involving the molestation of juveniles, this defendant's repeated violations of an infant boy, a girl of four, and boys aged five and seven who were entrusted into his care constitute the worst type of offenses in the category of sexual offenses. Further, defendant's own depraved recounting of the crimes against these children, his history and his belief that he will continue to use children in the same manner indicate that he is the worst type of offender. Considering the reasons for sentencing given by the trial court, and the circumstances of the instant offenses, particularly the reprehensible nature of the crimes and that defendant poses a significant danger to society and is one of the most egregious and blameworthy offenders, we find that the instant maximum sentences are supported by the record. Therefore, we find this assignment of error without merit.
Accordingly, and for the reasons herein stated, we decline to substitute our judgment for that of the trial judge regarding either the length of the sentences or the imposition of them as consecutive.
SENTENCES AFFIRMED.
NOTES
[1] There was a discrepancy between the sentencing transcript and the minute entry as to the number of convictions. See State v. David Price, 93 KA 1982, 646 So.2d 529 (La.App. 1st Cir. 11/10/94) (unpublished opinion).
[2] The terms of the sentences are identical to the original sentences imposed but for the discrepancy.
[3] The defendant was originally arrested on February 11, 1993, and charged with pornography involving juveniles, La.R.S. 14:81.1, and indecent behavior with juveniles, La.R.S. 14:81. During questioning on these charges, the defendant recounted incidents involving these children which led to additional charges, including twenty counts of molestation of a juvenile, eight counts of pornography involving juveniles, and seven counts of indecent behavior with a juvenile. His statement indicates he was on probation for a prior conviction at the time these incidents began and was concerned that discovery of his actions would jeopardize his continued probation.
[4] The additional punishment "without benefit of parole, probation, or suspension of sentence" was added by Acts 1995, No. 946, § 2.
[5] Effective August 15, 1995, the Legislature repealed that provision in La.Code Crim.P. art. 894.1(A) requiring a trial court to consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission. See Acts 1995, No. 942, § 1.
[6] The summary below is illustrative and does not include many reasons stated by the district court.
[7] The presentence investigative report is extensive and succinctly referenced by the trial court.
[8] It was stipulated defendant ranked "3-D" which range provided a discretionary term of incarceration of fifty-four to sixty-six months incarceration if concurrent and one hundred sixty-two to one hundred seventy-four months incarceration if consecutive.
[9] The court rejected defendant's argument that his employment at the time of his arrest was a mitigating factor; his employment history showed just two years' employment and an unsatisfactory work record.
[10] He unabashedly stated that he preferred children who could not yet talk and would molest children as he changed diapers for the parents.
[11] Defendant has been diagnosed as a seriously disturbed pedophile with paranoid schizophrenia and stated he did not think he would ever be "cured" of his needs.
[12] The court later noted it deliberately did not impose the maximum twenty-year sentence on the conviction for aggravated oral sexual battery.