703 So.2d 698 (1997)
STATE of Louisiana
v.
Henry MILLER.
No. 96 KA 2040.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
*700 Walter P. Reed, District Attorney, Franklinton, and Terry M. Boudreaux, Gretna, for State.
Frank Sloan, Louisiana Appellate Project, Covington, for Defendant-Appellant Henry Miller.
Before GONZALES and PARRO, JJ., and TYSON[1], J. Pro Tem.
PARRO, Judge.
Henry Miller was found guilty of aggravated battery, a violation of LSA-R.S. 14:34. The trial court sentenced him to serve a term of ten years of imprisonment at hard labor, and defendant appealed. This court affirmed defendant's conviction and sentence. State v. Miller, 95-0183 (La.App. 1st Cir. 9/27/96), 684 So.2d 85 (unpublished), writ denied, 96-2473 (La.3/7/97), 690 So.2d 15. While the appeal was pending, the state filed a petition charging defendant as a third felony habitual offender. See LSA-R.S. 15:529.1. After a hearing, the trial court found defendant to be a third felony habitual offender, vacated the original sentence, and sentenced him as a habitual offender to serve a term of twenty years of imprisonment without benefit of probation, parole, or suspension of sentence and with credit for time served. Defendant filed a motion to reconsider sentence, which was denied. He now appeals his adjudication and sentencing as a habitual offender.
In his first argument, defendant maintains his adjudication as a habitual offender should be set aside because the evidence in the record is not sufficient to support the habitual offender adjudication. At the habitual offender hearing, the state introduced the district court records from the two prior felony convictions and the "pen pack" or prison records from the Department of Public Safety and Corrections. However, the state did not give the documents an exhibit number; and the documents apparently were not placed into the record as an exhibit by the district court clerk's office. As a result, the documents are not included with the record which was submitted to this court on appeal.
The state acknowledges the record is deficient, but argues the deficiency does not warrant the remedy defendant seeks. The state asserts the remedy is for this court to order the district court clerk's office to supplement the record. Normally, a supplementation of the record would be appropriate so that a review of the assignments of error could be made with the benefit of the entire record. See LSA-Const. art. I, § 19; LSA-C.Cr.P. art. 914.1(D); State v. Duncan, 564 So.2d 316 (La.1990). However, in this case we find it unnecessary to order a supplementation of the record. The sole basis for defendant's claim that the evidence did not support the habitual offender adjudication is the absence of these exhibits from the appeal record. Defendant does not claim the exhibits were improperly admitted at the hearing, and he does not otherwise attack the adequacy of the evidence introduced at the habitual offender hearing. Defendant does not renew any of the arguments he included in the pro se motion to quash (unreasonable delay in filing the habitual offender bill) or in a memorandum filed by counsel after the habitual offender hearing while the matter was under advisement (alleging defects in the prior convictions). Thus, the absence of the exhibits from the appellate record does not prejudice defendant's ability to pursue the other issues he raises in this appeal. See LSA-C.Cr.P. art. 921. Accordingly, we find no merit in the first argument.
In the second argument urged by counsel on appeal (and in the brief filed by defendant pro se), defendant argues the sentence is excessive. Initially, we note that in reviewing the record for patent error, we have discovered error in the sentence which requires us to amend the sentence to delete the restriction on parole eligibility. Defendant was sentenced as a third felony habitual offender and, thus, the penalty is imprisonment for not less than six and two-thirds years and not more than twenty years, without benefit of probation or suspension of sentence. See LSA-R.S. 14:34, 15:529.1(A)(2)(a) (prior to renumbering by *701 1994 La.Acts, 3rd Ex.Sess., No. 23), and 15:529.1(G). Neither the aggravated battery statute nor the habitual offender statute precludes eligibility for parole. Because defendant has three felony convictions, he independently is ineligible for parole. See LSA-R.S. 15:574.4(A)(1). However, the eligibility for parole consideration under LSA-R.S. 15:574.4 is to be determined by the Department of Public Safety and Corrections, not by the trial court. St. Amant v. 19th Judicial District Court, 94-0567 (La.9/3/96), 678 So.2d 536. Accordingly, the trial court's denial of parole eligibility on defendant's sentence is not legally correct. Because the court imposed the maximum term of imprisonment, correction of the defect does not involve exercise of the sentencing judge's discretion, and we are authorized to correct the sentence by amendment rather than remanding the case for resentencing. See LSA-C.Cr.P. art. 882(A); State v. Riche, 608 So.2d 639, 640-41 (La.App. 5th Cir.1992), writ denied, 613 So.2d 972 (La.1993).
Defendant's attorney argues the sentence is excessive because the district court imposed the maximum sentence without stating any reasons in support of the sentence. In the pro se brief, defendant argues the maximum sentence was not appropriate because his prior criminal record is not one of violence.
A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or is nothing more than the needless imposition of pain and suffering. The determination turns upon the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Waguespack, 589 So.2d 1079, 1086 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (La.1992). Maximum sentences may be imposed only for the most serious offenses and the worst offenders, or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. State v. Price, 95-0997, pp. 6-7 (La.App. 1st Cir. 6/28/96), 677 So.2d 705, 709.
Article 894.1 of the Louisiana Code of Criminal Procedure (as amended by 1995 La. Acts No. 942, § 1) requires the trial court to weigh both aggravating and mitigating circumstances in imposing sentence. Given compliance with the sentencing criteria of LSA-C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. See Waguespack, 589 So.2d at 1086. The trial court is required to state for the record the considerations taken into account and the factual basis for the sentence. LSA-C.Cr.P. art. 894.1(C). When reviewing a sentence alleged to be excessive and lacking a factual basis, if this court concludes the sentence is otherwise supported by the record, the sentence may be affirmed without a remand for resentencing or supplementation merely for compliance with article 894.1. State v. Robertson, 94-1379, p. 6 (La. App. 1st Cir. 10/6/95), 671 So.2d 436, 439, writ denied, 95-2654 (La.2/9/96), 667 So.2d 527.
The judge who sentenced defendant after the habitual offender adjudication was different from the judge who sentenced defendant before the habitual offender adjudication. The transcript of the original sentencing indicates the court at that time reviewed the presentence investigation report before imposing sentence. The court discussed the facts of the case. During the offense, defendant hit the victim several times in the head with the handle of a posthole digger. On the next day, the victim died. As our summary of the facts in the previous appeal indicates, defendant started the altercation after asking the victim if he had the money he owed defendant. Defendant struck the victim repeatedly, even after the victim was down on the ground. Before imposing the original sentence, the district court summarized defendant's extensive criminal record which includes convictions for simple burglary and unauthorized entry of an inhabited dwelling and arrests (starting in 1980) for numerous offenses, including crimes of violence. The court noted defendant was on probation for the first felony conviction when he committed the offense which resulted in the second felony conviction. The court said charges for possession of cocaine, possession with intent to distribute, resisting arrest, gambling, and obstruction of justice were pending. The court stated it would have considered sentencing *702 defendant to twenty or twenty-five years, but the maximum sentence it could impose was ten years. The court found defendant manifested deliberate cruelty to the victim, and the court concluded defendant had an "extreme history of violence and selfhelp." Although the judge who imposed sentence after the habitual offender adjudication gave no reasons for the sentence, we find the record contains sufficient information about the defendant and this offense to support imposition of the maximum sentence.
Accordingly, we find no merit in the second argument. Defendant's sentence is amended to vacate the order that the sentence be served without benefit of parole. In all other respects the judgment appealed from is affirmed.
HABITUAL OFFENDER ADJUDICATION AFFIRMED; SENTENCE AMENDED; AMENDED SENTENCE AFFIRMED.
NOTES
[1] Judge Ralph E. Tyson of the Nineteenth Judicial District Court is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.