722 So.2d 51 (1998)
STATE of Louisiana
v.
Keith Bell BRELAND.
No. 97 KA 2880.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
Millard K. Gatewood, Franklinton, for State.
Terry Boudreaux, Gretna, for State.
Frank Sloan, Covington, for Keith Bell Breland.
*52 Before LeBLANC, FOGG and PARRO, JJ.
LeBLANC, J.
Defendant, Keith Bell Breland, was charged by grand jury indictment with attempted first degree murder, a violation of La. R.S. 14:27 and R.S. 14:30, and aggravated rape, a violation of La. R.S. 14:42. Following trial, the jury returned responsive verdicts finding defendant guilty of attempted second degree murder and simple rape. See La. R.S. 14:27, R.S. 14:30.1 and R.S. 14:43[1]. The trial court sentenced defendant to imprisonment at hard labor for fifty years for the attempted murder and to twenty-five years for the simple rape. The sentences were made consecutive. Defendant has appealed, raising two assignments of error relating to the sentences imposed.

Facts
While living as a guest in the home of a fellow church member, defendant raped her eleven-year-old daughter. On the date of the attack, the victim's mother was away on a church-related trip, and a babysitter was staying at the house with the victim and her siblings. Defendant also was scheduled to go on the trip, but he suddenly cancelled after the children's mother had already left.
Sometime that night, defendant woke the victim, who was sleeping with her younger sister, and told her that her mother wanted her to sleep in a different bedroom. The victim moved to the other bedroom, where she was alone, and went back to sleep. She was suddenly jolted awake by defendant stabbing her twice in the throat with a kitchen knife. Defendant then forced her to undress and raped her, warning that he would stab her again if she screamed. When the victim started to scream, defendant carried out his threat and stabbed her. Despite being stabbed three times, the victim indicated she was bleeding only a little at that time.
After raping the victim, defendant allowed her to dress, then forced her to go outside into the backyard. He then placed his hand over her mouth and attempted to smother her, causing her to lose consciousness. When the victim regained consciousness, defendant made her walk to the back porch, where he slashed her in the throat. The resulting wound was very deep and bled profusely, causing the victim to collapse onto the floor.
Defendant subsequently woke the babysitter and told her that he had found the victim injured on the back porch. When the babysitter saw the child lying in a pool of blood, she told defendant to call the police, which he did. After the police arrived, defendant told them the same story about finding the victim injured. However, when asked by the police, the child was able to indicate that defendant was her attacker. Although the injuries the victim sustained were life-threatening, she survived.

Assignments of Error
In assignment of error number one, defendant argues the trial court erred in failing to give particular justification for imposing consecutive sentences, since both of his convictions arose from a single course of conduct. In assignment of error number two, he contends the sentences imposed were excessive. Defendant was sentenced to consecutive sentences of fifty years in prison for attempted second degree murder and to twenty-five years in prison for simple rape. Each of these sentences was the maximum sentence possible. See La. R.S. 14:27 D(1), La. R.S. 14:30.1 B, and La. R.S. 14:43 C.
A trial court has wide, although not unbridled, discretion in imposing a sentence within statutory limits. State v. Trahan, 93-1116, p. 25 (La.App. 1 Cir. 5/20/94); 637 So.2d 694, 708. Article I, Section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. See State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment *53 are considered in light of the harm to society, it shocks the sense of justice. State v. Andrews, 94-0842, pp. 8-9 (La.App. 1 Cir. 5/5/95); 655 So.2d 448, 454.
This Court has previously indicated that maximum sentences may be imposed only for the most serious offenses and the worst offenders, or when the offender poses an unusual risk to the public safety. See State v. Price, 95-0997, pp. 6-7 (La.App. 1 Cir. 6/28/96); 677 So.2d 705, 709. Regarding consecutive sentences, La. C.Crim.P. art. 883 provides that, if a defendant is convicted of two or more offenses arising from the same course of conduct, the sentences for those offenses generally should be made concurrent. However, even if convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive. Other facts must be taken into consideration in making this determination. For instance, consecutive sentences are justifiable where an offender poses an unusual risk to public safety. See Price, 95-0997 at p. 5, 677 So.2d at 708; State v. Leagea, 95-1210, p. 10 (La. App. 1 Cir. 5/10/96); 673 So.2d 646, 653, writ denied, 96-1507 (La.11/22/96); 683 So.2d 287.
Finally, the sentence imposed by the trial court will not be set aside absent a showing of manifest abuse of the trial court's wide discretion. Andrews, 94-0842 at p. 9; 655 So.2d at 454. Moreover, a sentence will not be set aside as excessive if the record supports the sentence imposed. La.C.Cr.P. art. 881.4 D.
On appeal, defendant contends the trial court's failure to consider several mitigating factors warrants vacating the sentences imposed. The most significant mitigating factor referred to by defendant is the fact that, after critically injuring the victim, he woke the babysitter and informed her that the child was hurt, then telephoned for help. While it is true that defendant woke the babysitter and told her the victim was injured, the record reflects that defendant telephoned for help only after the babysitter told him to do so.
As additional mitigating factors, defendant points out that he voluntarily confessed, that he was only nineteen at the time of the crimes, and the fact that he was classified as a first felony offender. He also argues that the fact that he has epilepsy and has previously been treated for psychiatric problems should mitigate in his favor. However, we note that defendant initially told the police that the victim was already injured when he discovered her on the back porch. He confessed only after the victim identified him as her assailant. We further note that, although defendant is classified as a first felony offender, there was a burglary charge pending against him at the time of sentencing.
Based upon our review of the record, we conclude the facts surrounding the instant offenses justified maximum sentences for both convictions, as well as the consecutive nature of the said sentences. The mitigating effect of the factors cited by defendant was greatly outweighed by the heinous nature of the crimes defendant committed. The victim was eleven years old at the time of the offenses; defendant was nearly twenty years old. Defendant took advantage of his position as a family guest to brutally rape the victim and savagely stab her several times in the throat. When the stab wounds did not kill the victim, defendant attempted to smother her. Upon the victim regaining consciousness, defendant again slashed her throat, inflicting a deep, life-threatening wound. The victim also sustained puncture wounds on both of her hands. The PSI indicates the resulting scars on the victim's neck are severe and permanent. The victim also undoubtedly has sustained psychological scars from the vicious, prolonged attack upon her by defendant. Finally, we note that the attack upon the victim was calculated and totally without provocation.
Given the circumstances, we conclude that maximum sentences were warranted because the instant offenses are among the most serious offenses and defendant among the worst type of offender within the applicable classes of offenses. Moreover, the brutality and viciousness exhibited by defendant in his attack upon a defenseless child indicates a propensity for violence which constitutes a clear risk to the public safety. This risk *54 justified the imposition of consecutive sentences.
These assignments of error are without merit.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] All references are to the versions of the applicable statutes as they existed in May 1995, when the offenses were committed.