2SHORTESS, J.
Richard Lay, an inmate at the Louisiana State Penitentiary, filed a petition for judicial review asserting a plethora of claims. He sought a declaration that sentencing him under the habitual-offender statute violated the Double-Jeopardy clauses of the United States and Louisiana Constitutions because both that statute and the statute under which he was convicted are enhancement statutes. He sought to enjoin his sentence and conviction, alleging his sentence was unlawful because the Department of Public Safety and Corrections (DPSC) classified him as a third-felony offender and denied him parole eligibility and diminution of sentence for good behavior (good time), even though he was sentenced as a second-felony offender under the habitual-offender law. He contended DPSC’s denial of parole eligibility to him is also wrong because the trial court sentenced him to seven and one-half years at hard labor, with only two and one-half years of that term to be without probation, parole, or suspension of sentence, and DPSC had no authority to correct the illegally-lenient sentence. He also sought damages and certification of a class action “as to all present & future prisoners that are sentenced to hard labor as to wrongful classification in violation of sentencing court[’s] mandates.”[1] In his “First Amended Complaint,” he also contended Louisiana Revised Statute 15:571.3(C)(2)(3) is unconstitutional because inmates who commit crimes after September 9, 1977, are subject to a more onerous good-time law than those sentenced between September 16,1975, and September 9,1977.
The commissioner reviewed the administrative record and determined that DPSC’s decision to classify Lay as ineligible for parole was not arbitrary, capricious, an abuse of its discretion, or in excess of its constitutional or statutory authority. The trial court rendered judgment in accordance with the commissioner’s recommendations. Lay appeals.
Lay contends both Revised Statute 15:529.1, the habitual-offender statute, and Revised Statute 40:981.3, which provides a mandatory-minimum sentence for those who manufacture, distribute, or possess drugs within 1,000 feet of a school, are enhancement statutes and thus application of both for one offense violates the constitutional prohibitions against double | ¡Jeopardy. This argument was recently addressed by the Third Circuit Court of Appeal in State v. Wright.[2] The court found that Revised Statute 40:981.3 was not an enhancement statute but a substantive statute. The court reasoned that an enhancement statute, such as the habitual- *785 offender law, is not a separate crime and does not contain elements that must be proved by the State at trial. It is applied after the trier-of-fact has determined guilt or innocence. Revised Statute 40:981.3, on the other hand, imposes a mandatory-minimum sentence for a substantive criminal offense, with an element of the offense— manufacture, distribution, or possession in a school zone — that must be proved by the State. As is it not an enhancement-statute, the application of the habitual-offender law to a conviction under that statute did not offend the constitutional prohibitions against double jeopardy.
Lay also contends DPSC is violating due process, equal protection, and the separation of powers doctrine by denying him good time pursuant to Revised Statute 15:57Í.3(C) and parole eligibility pursuant to' Revised Statute 15:574.4(A)(1). Lay was convicted of possessing crack cocaine in a school zone. He had previous convictions for felony theft and possession of stolen goods. He was found to be a second-felony offender for purposes of the habitual-offender law. The trial court sentenced Lay to seven and one-half years at hard labor, with two and one-half years to be served without probation, parole, or suspension of sentence.[3] DPSC, however, has determined Lay is ineligible for good time or parole.
Revised Statute 15:571.3 denies good time to an inmate who meets three criteria: 1) convicted of certain enumerated crimes, including felony theft and violation of the Louisiana Controlled Dangerous Substances Law; 2) sentenced as a habitual offender; and 3) last conviction, for purposes of the habitual-offender law, for a crime committed on or after September 10, 1977. Lay meets all three of these criteria.
Revised Statute 15:574.4(A)(1) denies parole eligibility to any person convicted of a third or subsequent felony. Lay does not dispute he has been convicted of three felonies. He contends, however, that because the trial judge sentenced him to two and one-half years without benefit of probation or parole, he should be eligible for parole Lafter that time. He relies on State ex rel. Pierre v. Maggio,[4] a 1984 ’case in which the Louisiana Supreme Court stated that the trial júdge determined the conditions to be imposed on a sentence, and that the custodian’s (DPSC) obligation was not to determine those conditions, but to see that the sentence imposed by the trial judge was served.
In subsequent jurisprudence, however, our supreme court has distinguished between parole eligibility, which is determined by the sentence, and eligibility for parole consideration, which is dependent on meeting certain criteria and conditions specified by statute. Thus, an inmate who has parole eligibility under his sentence may not be eligible for parole consideration under statutory law.[5] In St. Amant v. 19th Judicial District Court,[6] the court directed the district court to sentence the defendant under the terms of the sentencing statute for the crime he had committed but noted his parole eligibility “is to be determined by the Department of Corrections pursuant to R.S. 15:574.4.”[7]
Lay further contends that because he was adjudicated a second-felony habitual offender, he should be treated as a second, and not third, offender for parole eligibility. The supreme court addressed *786 this exact issue in Townley v. Department of Public Safety and Corrections,[8] stating:
[T]his court has never held that the Department is bound in its calculations by all of the rules governing sentencing determinations made earlier at the district court. Thus, the Department is not bound by the district court’s adjudication of [defendant’s] habitual offender status under La.R.S. 15:529.1 when the Department is making its calculations to determine parole eligibility under La. R.S. 15:574.4[9]
This assignment of error has no merit.
Finally, Lay claims Revised Statute 15:571.3(C)(2)(3) is unconstitutional because inmates convicted of crimes committed after September 9, 1977, face a more onerous good-time law than those who committed crimes between September 16, 1975, and September 9, 1977. The legislature has the power to change the law regarding diminution of sentence for good behavior and has done so many times. It cannot, | ¡¡however, change the law to the detriment of those already subject to a prior law. Our supreme court held in State ex rel. Bickman v. Dees [10] that to do so would violate the constitutional prohibition on ex post facto laws. In Bickman, the court found that persons who committed crimes between September 16, 1975, and September 9, 1977, were entitled to the benefit of the good-time law in effect at the time. But the Constitution does not prevent the legislature from changing the law to make a penal provision more or less onerous, as long as a more onerous lav/ is not given retroactive effect. This assignment of error is also meritless.
The final assignment of error raised in Lay’s appellate brief concerns the constitutionality of the Correction Administrative Remedy Procedure, Revised Statutes 15:1171 through 1179, and specifically, the judicial review scheme of Revised Statute 15:1177. This issue is not properly before us as it was raised for the first time on appeal.
For the foregoing reasons, we find the administrative findings were not in violation of constitutional or statutory provisions, in excess of the agency’s authority, made upon unlawful procedure, affected by error of law, arbitrary or capricious, or manifestly erroneous. We thus affirm at Lay’s costs.
AFFIRMED.

. He also complained his conviction and sentence were unlawful because a competency hearing that had been ordered to determine his sanity at the time of the offense had never been held. That claim appears to have been dropped before trial.

. 95-377, pp. 7-8 (La.App. 3d Cir. 11/8/95), 664 So.2d 712, 716.

. Revised Statute 40:981.3(E) provides that the minimum-mandatory term of imprisonment for a first conviction of possessing drugs in a school zone must be served without benefit of probation, parole, or suspension of sentence.

. 445 So.2d 425, 426 (La.1984).

. Bosworth v. Whitley, 627 So.2d 629, 631 (La.1993).

. 94-0567 (La.9/3/96), 678 So.2d 536.

. See also State v. Miller, 96-2040, p. 3 (La. App. 1st Cir.11/7/97), 703 So.2d 698, 701, writ denied, 98-0039 (La.5/15/98), 719 So.2d 459

. 96-1940 (La.11/1/96), 681 So.2d 951.

. Id. at p. 3, 681 So.2d at 953 (citations omitted).

.367 So.2d 283, 291-292 (La.1978).