917 So.2d 33 (2005)
STATE of Louisiana
v.
William Thomas CORBITT.
No. 2004 KA 2664.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
*34 Joseph L. Waitz, Jr., District Attorney, Houma, Ellen Daigle Doskey, Assistant District Attorney, Counsel for Appellee, State of Louisiana.
Margaret S. Sollars, Thibodaux, Counsel for Defendant/Appellant, William Thomas Corbitt.
Before: CARTER, C.J., PETTIGREW and MCDONALD, JJ.
CARTER, C.J.

FACTS AND PROCEDURAL HISTORY
The defendant, William Thomas Corbitt, was charged by amended bill of information no. 425,068, with operating a vehicle on April 28, 2004, while intoxicated (DWI), sixth offense, a violation of La. R.S. 14:98.
The amended bill of information identified five predicate offenses. The first predicate offense was defendant's January 21, 2004 conviction, under Thirty-Second Judicial District Court docket no. 415,022, of DWI on April 26, 2003. The second predicate offense was defendant's June 17, 2004 guilty plea, under Thirty-Second Judicial District Court docket no. 415,023, to DWI on May 24, 2003. The third predicate offense was defendant's November 8, 2002 guilty plea, under City Court of Houma docket no. 02-6431-01-02, to DWI on September 30, 2002. The fourth predicate offense was defendant's June 23, 2004 conviction, under Thirty-Second Judicial District Court docket no. 423,403, of DWI on December 26, 2003.[1] And, the fifth predicate offense was defendant's June 23, 2004 guilty plea, under Thirty-Second Judicial District Court docket no. 422,418, to DWI on October 18, 2003.[2]
On June 23, 2004, defendant pled guilty to DWI, sixth offense, and was sentenced to ten years at hard labor without benefit of probation, parole, or suspension of sentence and received a $5,000 fine; this sentence to run consecutively to the sentences imposed under docket numbers 422,418, 423,403, and 415,023. Defendant moved for reconsideration of sentence, which was denied.
Defendant appeals, raising as his sole assignment of error that his sentence is illegal. We affirm the conviction, amend the sentence, and affirm the sentence as amended.

DISCUSSION

Illegal Sentence
Defendant was sentenced pursuant to La. R.S. 14:98 E(4)(a). The defense argues defendant should have been sentenced *35 under La. R.S. 14:98 E(1)(a), rather than La. R.S. 14:98 E(4)(a). Prior to amendment by 2004 La. Acts No. 762, § 1, La. R.S. 14:98, in pertinent part, provided:
E. (1)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended, and the offender shall be required to under go an evaluation to determine the nature and extent of the offender's substance abuse disorder.
(b) The treatment professional performing the evaluation shall recommend appropriate treatment modalities, which shall include substance abuse treatment at an inpatient facility recommended by the Department of Health and Hospitals, office for addictive disorders and approved by the Department of Public Safety and Corrections for a period of not less than four weeks nor more than six weeks.
(c) The offender may be sentenced to additional follow-up substance abuse treatment services to meet the offender's needs if determined to be necessary by the offender's treating physician, for a period not to exceed twelve months. The follow-up treatment shall be provided in a manner to gradually decrease the intensity of treatment services.
(d) Upon successful completion of the inpatient substance abuse treatment required by this Paragraph, the offender shall be sentenced to home incarceration for not less than one nor more than five years in accordance with Paragraph (3) of this Subsection and shall be fined five thousand dollars.
(e) If the offender fails to complete the substance abuse treatment required by the provisions of this Paragraph or violates any condition of home incarceration, he shall be imprisoned for the original term of his suspended sentence with no credit for time served under home incarceration.
* * *
(3)(a) An offender sentenced to home incarceration shall be supervised and shall be subject to any of the conditions of probation....
(b) The court shall also require the offender to obtain employment and to participate in a court-approved driver improvement program at his expense. The activities of the offender outside of his home shall be limited to traveling to and from work, church services, Alcoholics Anonymous meetings, or a court-approved driver improvement program.
(c) Offenders sentenced to home incarceration required under the provisions of this Section shall be subject to all other applicable provisions of Code of Criminal Procedure Article 894.2.
(4)(a) If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to Subsection D of this Section, the offender shall not be sentenced to substance abuse treatment and home incarceration for a fourth or subsequent offense, but shall be imprisoned at hard labor for not less than ten nor more than thirty years, and at least three years of the sentence shall be *36 imposed without benefit of suspension of sentence, probation, or parole.
(b) If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
Defendant pled guilty to the instant DWI, sixth offense, on June 23, 2004. Less than a week earlier, on June 17, 2004, defendant pled guilty to DWI, third offense, and the trial court imposed a partly suspended sentence, home incarceration, a $2,000 fine, thirty days in parish jail, and four to six weeks of rehabilitation. At the time of the plea and sentencing for the instant offense, defendant had not received substance abuse evaluation, treatment for substance abuse at an inpatient facility, or the benefits of home incarceration.
Defendant argues La. R.S. 14:98 E(4)(a) is limited in application to those circumstances where, unlike his own, a defendant is given the benefit of treatment and then commits a subsequent DWI offense. Louisiana Revised Statute 14:98 E(4)(a), by its express terms, is triggered when "the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to [La. R.S. 14:98 D.]" The defense asks this court to interpret the language "been required to participate in" as meaning "completed."
Statutory interpretation begins, "as [it] must, with the language of the statute." State v. Mayeux, XXXX-XXXX, p. 4 (La.6/21/02), 820 So.2d 526, 529 (quoting Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995)). To accept the defense's interpretation is to not provide the words of the statute their fair import, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision. See La. R.S. 14:3.
Not only is the defense argument at odds with the specific language of La. R.S 14:98 E(4)(a), it also is inconsistent with the purpose of La. R.S. 14:98 D(1) and E(1). A defendant sentenced under either La. R.S. 14:98 D(1) or E(1) is given the benefit of having a substantial portion of his sentence suspended if he satisfies certain conditions involving substance abuse evaluation and treatment and home incarceration. See La. R.S. 14:98 D(1)(a)-D(1)(d) & E(1)(a)-E(1)(d). If he fails to complete his substance abuse treatment or violates any condition of his home incarceration, he is imprisoned for the original term of his suspended sentence with no credit for time served under home incarceration. See La. R.S. 14:98 D(1)(e) & E(1)(e). Sentencing under La. R.S. 14:98 E(1) is unavailable to defendants who have previously been required to participate in substance abuse treatment and home incarceration as third offenders or who have previously received the benefit of suspension of sentence, probation, or parole as fourth offenders. See La. R.S. 14:98 E(4)(a) & E(4)(b). Thus, fourth and subsequent DWI offenders are provided one opportunity for a lenient sentence. Defendant was afforded his opportunity for a lenient sentence on June 17, 2004, in connection with his guilty plea to DWI, third offense. That opportunity precluded sentencing under La. R.S. 14:98 E(1)(a) for the instant offense.
This assignment of error is without merit.

Patent Error
Defendant was sentenced to ten years at hard labor without benefit of probation, parole, or suspension of sentence *37 and a $5,000 fine; this sentence to run consecutively to the sentences imposed under docket numbers 422,418, 423,403, and 415,023. The applicable sentencing provision, La. R.S. 14:98 E(4)(a), does not authorize imposition of a fine.
Correction of this defect in sentencing does not involve exercise of the sentencing judge's discretion and this court is authorized to correct the sentence by amendment rather than by remand of the case for resentencing. See La.Code Crim. P. art. 882 A; State v. Miller, 96-2040, p. 3 (La.App. 1st Cir.11/7/97), 703 So.2d 698, 701, writ denied, 98-0039 (La.5/15/98), 719 So.2d 459. Accordingly, the sentence imposed in this case is amended to delete the fine of $5,000.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] Defendant's appeal from this conviction is addressed in 2004 KA 2663, also rendered this date.
[2] Defendant's appeal from this conviction is addressed in 2004 KA 2665, also rendered this date.