STATE OF LOUISIANA
v.
KENNETH REVELL GLASPER.
No. 2008 KA 2402.
Court of Appeals of Louisiana, First Circuit.
May 13, 2009.
Not Designated for Publication
DOUG MOREAU, District Attorney, ALLISON MILLER RUTZEN, Assistant District Attorney, Counsel for Appellee State of Louisiana.
FREDERICK KROENKE, Counsel for Defendant/Appellant Kenneth Revell Glasper.
Before: KUHN, GUIDRY, and GAIDRY, JJ.
GAIDRY, J.
The defendant, Kenneth Revell Glasper, was charged by bill of information with one count of armed robbery (count I), a violation of La. R.S. 14:64; one count of possession of a firearm by a convicted felon (count II), a violation of La. R.S. 14:95.1; and one count of first degree robbery (count III), a violation of La. R.S. 14:64.1, and pled not guilty. Following a jury trial, he was found guilty as charged on all counts by unanimous verdicts. On count I, he was sentenced to ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence. On count II, he was sentenced to fifteen years at hard labor without benefit of probation, parole, or suspension of sentence and fined one thousand dollars. On count III, he was sentenced to forty years at hard labor without benefit of parole, probation, or suspension of sentence. The court ordered that the sentences imposed on counts I, II, and III would run concurrently with each other. He now appeals, contending that the trial court imposed unconstitutionally excessive sentences in this matter and trial counsel's failure to make or file a motion to reconsider sentence constituted ineffective assistance of counsel. We affirm the convictions and sentences on counts I, II, and III.

FACTS
Neosho Carr, the victim of count I, testified at trial. On January 31, 2007, she was working as a cashier at the Cracker Barrel store on Bluebonnet Boulevard in Baton Rouge. On that night, she walked to the front of the store to ring up a customer who wanted a bag of chips. The man stated he only had fifty cents, and Carr told him she would cover the difference. After Carr opened the cash drawer, the man pointed a gun at her and told her to give him all of the money and put it in a bag. Carr gave the man all of the money from the cash drawer. On February 4, 2007, she identified the defendant as the robber in a photographic line-up. In connection with count II, the defendant stipulated that on May 16, 2002, he pled guilty to committing attempted first degree robbery on October 28, 1999, and was sentenced to seven years at hard labor without benefit of probation, parole, or suspension of sentence.
Lisa Buffington, the victim of count III, also testified at trial. On February 3, 2007, she was working as the manager of the liquor department at the Albertson's on Perkins Road and Essen Lane in Baton Rouge. At approximately 10:30 p.m., Buffington was working at the cash register in the liquor department and was waiting for a courtesy clerk to bring her some bags. When she attempted to ring up a twenty-four ounce can of beer for a customer, the man told her to open the register, put the money in the bag, and not to say anything. A courtesy clerk was delivering bags to her while the man made his demands. Initially, Buffington did not believe that the man was robbing her, but then he repeated his demands and moved his hand "like he could have something on him if anything was to be tried." Buffington put the money from the cash drawer into a bag and surrendered it to the man. The man left with the bag and his beer. Buffington identified the defendant in court as the robber.

EXCESSIVE SENTENCES; INEFFECTIVE ASSISTANCE OF COUNSEL
In assignment of error number 1, the defendant argues maximum sentences were not warranted in this case because his offenses were not the most serious violations of the respective statutes and he was not the worst offender. In assignment of error number 2, the defendant argues that if this court finds that the failure of trial counsel to make or file a motion to reconsider sentence precludes consideration of the constitutionality of the sentences, counsel's failure constitutes ineffective assistance of counsel.
We will address assignment of error number 1, even in the absence of a timely motion to reconsider sentence or a contemporaneous objection, because it would be necessary to do so as part of the analysis of the ineffective assistance of counsel claim. See State v. Bickham, 98-1839, pp. 7-8 (La. App. 1st Cir. 6/25/99), 739 So.2d 887, 891-92.
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La. Code Crim. P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Hurst, 99-2868, p. 10 (La. App. 1st Cir. 10/3/00), 797 So.2d 75, 83, writ denied, XXXX-XXXX (La. 10/5/01), 798 So.2d 962.
Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. Hurst, 99-2868 at pp. 10-11, 797 So.2d at 83.
A claim of ineffectiveness of counsel is analyzed under the twopronged test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish that his trial attorney was ineffective, the defendant must first show that the attorney's performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. Secondly, the defendant must prove that the deficient performance prejudiced the defense. This element requires a showing that the errors were so serious that the defendant was deprived of a fair trial; the defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for the counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 859-60 (La. App. 1st Cir. 1992), writ denied, 614 So.2d 1263 (La. 1993).
Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64(B). On count I, the defendant was sentenced to ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence.
Whoever is found guilty of violating the provisions of La. R.S. 14:95.1(A) shall be imprisoned at hard labor for not less than ten years nor more than fifteen years without benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars. La. R.S. 14:95.1(B). On count II, the defendant was sentenced to fifteen years at hard labor without benefit of probation, parole, or suspension of sentence and fined one thousand dollars.
Whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and not more than forty years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64.1(B). On count III, the defendant was sentenced to forty years at hard labor without benefit of parole, probation, or suspension of sentence. The court ordered that the sentences imposed on counts I, II, and III would run concurrently with each other.
In sentencing the defendant, the trial court noted that: the victim of count I indicated that the defendant pointed a revolver at her and demanded money from the cash drawer of Cracker Barrel; as a result of count I, Cracker Barrel reported a loss of $130; a spokesman for Cracker Barrel recommended that the defendant be sentenced to prison; the victim of count III indicated that the defendant approached the counter of the Albertson's liquor department and, while leading her to believe he had a handgun under his shirt, told her to put the money in a bag; as a result of count III, Albertson's reported a loss of $800; the victim of count III indicated she was scared during the robbery and feared that she might not make it home to see her children again; and the victim of count III recommended that the defendant be sentenced to prison for "a long time" so he would be unable to hurt or kill anyone.
The court also noted that it had ordered a presentence investigation report and had taken into consideration all of the factors set forth in the report. The court noted that: counts I and III were crimes of violence and crimes against a person; the defendant was forty-four years old; his parents had separated when he was very young; he had "small difficulties" during high school and obtained below average grades, but graduated from McKinley High School; he indicated he had received some college credits while incarcerated; he had never married, but had one living child; his work experience was limited due to periods of incarceration, but he indicated he had held stable jobs at Copeland's and the Chimes before the instant offense; he stated he was very sorry for what he had done and wished he could take it all back; he stated that addiction to crack cocaine had ruined his life; and he stated he would not have hurt anyone, but realized that his actions might cause him to spend the rest of his life in prison.
Additionally, the court noted that: the defendant had a juvenile record; on April 5, 1980, he was arrested and charged with aggravated assault and possession of marijuana, but the charges were later dismissed; his adult criminal history was extensive; on October 12, 1981, he was arrested and charged with ten counts of armed robbery, three counts of aggravated battery with a dangerous weapon, and possession of marijuana; he pled guilty to four counts of armed robbery and was found guilty of three counts of armed robbery; he was released on good time discharge on March 14, 1988; on June 30, 1989, he was arrested and charged with first degree robbery; he was released on parole on February 23, 1999, but that was later revoked; on July 3, 1989, he was arrested for attempted first degree robbery, but no disposition could be found on that charge; on November 4, 1999, he was arrested and charged with four counts of first degree robbery, two counts of attempted first degree robbery, and one count of armed robbery; he pled guilty to one count of attempted first degree robbery and one count of simple robbery; he committed the instant offenses approximately three months after being released from prison; he had also been arrested for criminal trespass, damage to property, simple burglary, felony theft, and illegal possession of stolen things, although some of the charges were "no[-]billed" for insufficient evidence; based on an inspection of the defendant's criminal history and performance on parole, the Department of Probation and Parole found the defendant to be a "total failure at rehabilitation and leading a peaceful life[,]" and strongly recommended that he be sentenced to the maximum sentence allowed; and the Department of Probation and Parole believed it was fortunate that no one had been injured or killed due to the defendant's actions. The court found that the defendant's adult criminal record revealed a longstanding pattern of very violent offenses, and prisons were built for people like him.
A thorough review of the record reveals the trial court adequately considered the criteria of Article 894.1 and did not manifestly abuse its discretion in imposing the sentences herein. See La. Code Crim. P. art. 894.1(A)(1), (A)(3), (B)(10), (B)(12), (B)(19) & (B)(33). Further, the sentences imposed were not grossly disproportionate to the severity of the offenses and thus, were not unconstitutionally excessive.
Additionally, maximum sentences were warranted in this matter. Maximum sentences may be imposed for the most serious offenses and the worst offenders, or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. State v. Miller, 96-2040, p. 4 (La. App. 1st Cir. 11/7/97), 703 So.2d 698, 701, writ denied, 98-0039 (La. 5/15/98), 719 So.2d 459. The defendant indeed poses an unusual risk to the public safety due to his past conduct of repeated criminality.
In regard to the defendant's ineffective assistance of counsel claim, we note that even assuming arguendo that defense counsel performed deficiently in failing to timely move for reconsideration of the sentences, the defendant suffered no prejudice from the deficient performance because this court considered the defendant's excessive sentences argument in connection with the ineffective assistance of counsel claim and found them to be without merit.

DECREE
The defendant's convictions and sentences are affirmed on all counts.
CONVICTIONS AND SENTENCES AFFIRMED ON COUNTS I, II, AND III.