STATE OF LOUISIANA
v.
MICHAEL FORET.
No. 2008 KA 1809.
Court of Appeals of Louisiana, First Circuit.
June 12, 2009
Not Designated for Publication
CAMILLE A. MORVANT, II, PETER ROUSSE MARTIN J. CAILLOUET, Attorney for Appellee, State of Louisiana.
TROY BROUSSARD, ANN R. BAEHR, BERTHA M. HILLMAN, Attorney for Defendant/Appellant, Michael Foret.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
WHIPPLE, J.
The defendant, Michael Foret, was charged by bill of information with one count of fourth offense operating a vehicle while intoxicated (the instant offense), a violation of LSA-R.S. 14:98. He pled not guilty.[1] Following a jury trial, he was found guilty as charged.[2] He moved for a post-verdict judgment of acquittal or, in the alternative, a new trial, but the motion was denied. He was fined $5,000.00 and was sentenced to twenty years at hard labor.[3] Additionally, the court revoked his probation under predicate #3, made that fifteen-year sentence at hard labor executory, and ordered that the sentence be served concurrently with the sentence for the instant offense. The defendant moved for reconsideration of sentence, but the motion was denied. He now appeals, contending that the trial court erred in denying the motion to reconsider sentence. We affirm the conviction and sentence.

FACTS
On January 26, 2007, at approximately 4:00 p.m., the defendant, while driving a Ford Mustang, ran Corey Boudlouche off the road and then rear-ended his vehicle in Lafourche Parish. As a result of the collision, Boudlouche suffered injuries to his neck requiring surgery and damages to his vehicle totaling approximately nine hundred dollars. Prior to the collision, Terrebonne Parish Sheriffs Office Deputy Cecil Edward Hanson, Jr., saw the defendant travel off the main portion of the road and then cross the center line. After the collision, Louisiana State Police Trooper Charity Knobloch noted that the defendant had a strong odor of alcoholic beverages on his breath, seemed very tired, swayed while standing, had slurred speech, and had red, glassy eyes. The defendant failed field sobriety tests and refused to submit to chemical testing for intoxication or to a breathalyzer. He claimed that he had consumed only two beers, but did not know how long before the collision he had been drinking. He also claimed he had worked all night and had not slept.
The State introduced documentation concerning predicate #s 1,2, and 3 into evidence without objection and presented testimony from Mark H. Delaune of the Office of Probation and Parole that he was supervising the defendant on those predicates.

EXCESSIVE SENTENCE
In his sole assignment of error, the defendant argues the trial court erred in denying the motion to reconsider sentence because his family members wrote letters to the court stating that he was a good family man, a hard worker, the father of two sons, had been offered a job, and had no criminal record other than DWIs.
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the criteria. In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Hurst, 99-2868, p. 10 (La. App. 1st Cir. 10/3/00), 797 So. 2d 75, 83, writ denied, XXXX-XXXX (La. 10/5/01), 798 So. 2d 962.
Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. Hurst, 99-2868 at pp. 10-11, 797 So. 2d at 83.
Except as otherwise provided in LSA-R.S. 14:98(E)(4)(b), on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. LSA-R.S. 14:98(E)(l)(a) (prior to amendment by 2008 La. Acts No. 161, § 1). If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense. LSA-R.S. 14:98(E)(4)(b). Here, the defendant was fined $5,000.00 and was sentenced to twenty years at hard labor. Additionally, the court revoked the defendant's probation under predicate #3, made that fifteen-year sentence at hard labor executory, and ordered that the sentence be served concurrently with the sentence for the instant offense.[4]
In sentencing the defendant, the trial court noted: (1) the defendant's criminal history indicated that the instant offense was actually his seventh conviction for DWI; and (2) that the defendant had committed the instant offense while on probation for a fourth-offense DWI conviction for which he had received a suspended fifteen-year sentence. The court noted that it had reviewed the letters from the defendant's brother and sister, and that those letters indicated what the court felt to be true about the defendant, namely, that he worked hard, that he had always maintained employment, and that he had financially provided for his family. The court further noted that, with the exception of his use of alcohol, the defendant had been a law-abiding citizen. The court stated, however, that the defendant's use of alcohol had not only violated state law, it had seriously impacted the defendant's children and his family. Additionally, the court noted that the individual struck by the defendant claimed to have been seriously injured, and that fact weighed heavily upon the court.
The court found that based on the defendant's history, there was very little hope that a suspended sentence would result in him receiving any care or treatment that would help him overcome his pattern of driving while intoxicated and, to the contrary, in all likelihood, he would reoffend. Additionally, the court found: (1) that there was an undue risk that during any period of a suspended sentence or probated sentence, the defendant would commit another crime; (2) the defendant was in need of correctional treatment or a custodial environment that could be provided most effectively by his commitment to an institution; and (3) a lesser sentence than the sentence the court would impose would deprecate the seriousness of the crime.
On review, we find the trial court considered all of the mitigating factors in this matter and properly determined that the aggravating factors justified the sentence imposed. See State v. Miller, 96-2040, p. 4 (La. App. 1st Cir. 11/7/97), 703 So. 2d 698, 701, writ denied, 98-0039 (La. 5/15/98), 719 So. 2d 459. The defendant's repeated driving while intoxicated presents an unusual risk to the public safety. A thorough review of the record reveals that the trial court adequately considered the criteria of Article 894.1 and did not manifestly abuse its discretion in imposing the sentence herein. See LSA-C.Cr.P. art. 894.1(A)(1), (A)(2), (A)(3), (B)(9), & (B)(33). Further, the sentence imposed was not grossly disproportionate to the severity of the offense and thus, was not unconstitutionally excessive. Thus, this assignment of error is without merit. The defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Predicate #1 was set forth as the defendant's conviction, under Lafourche Parish Docket #307155, on December 17, 1997 for operating a vehicle while intoxicated on October 24, 1997. Predicate #2 was set forth as the defendant's conviction, under Lafourche Parish Docket #341635, on August 17, 2000 for operating a vehicle while intoxicated on March 5, 2000. Predicate #3 was set forth as the defendant's conviction, under Lafourche Parish Docket #375701, on May 12, 2002 for operating a vehicle while intoxicated on April 17, 2002.
[2] Pursuant to State v. Jones, XXXX-XXXX, p. 4 (La. 2/22/06), 922 So. 2d 508, 511-512, there was no error in the instant defendant being tried before a six-person jury and sentenced under LSA-R.S. 14:98(E)(4)(b).
[3] The sentence is deemed to contain the provisions of LSA-R.S. 14:98(E)(4)(b) relating to the service of the sentence without benefit of parole. LSA-R.S. 14.98(E)(4)(b); LSA-R.S. 15:301.1(A).
[4] See LSA-C.Cr.P. art. 901(C)(2) ("When the new conviction is a Louisiana conviction, the sentence shall run consecutively with the sentence for the new conviction, unless the court originally imposing the suspension or probation specifically orders that said sentences are to be served concurrently[.]").