420 So.2d 950 (1982)
STATE of Louisiana
v.
Raymond Earl REED.
No. 82-KA-0035.
Supreme Court of Louisiana.
October 18, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Lavalle Salomon, Asst. Dist. Atty., for plaintiff-appellee.
Diehlmann Bernhardt, Monroe, for defendant-appellant.
WATSON, Justice.
Defendant, Raymond Earl Reed, was convicted of simple burglary and sentenced to four years at hard labor with credit for time served. LSA-R.S. 14:62. On appeal, defendant assigns one error by the trial court.

FACTS
On the night of August 10, 1981, or the early morning of August 11, 1981, there was a burglary at the Town Hall of Sterlington, Louisiana. The door was pried open, probably with the tire lug tool found inside the following day. A small black metal safe and a pair of gloves were taken. The safe was found empty the next day in Union Parish at an oil well site. Approximately $65 had been removed. Automobile tire marks were left in the sand. The police located Raymond Earl Reed's 1975 Pontiac and determined that its tires had wear patterns similar to the patterns in the road where the safe was discovered. Reed was arrested August 13, 1981, in Union Parish and taken to the Ouachita Parish jail, where he remained overnight. On the morning of August 14, 1981, Reed signed a printed form waiving his rights and then confessed in a detailed recorded statement that he was one of four participants in the Town Hall burglary. Counsel was appointed; Reed was convicted by a unanimous six person jury and sentenced to four years at hard labor with credit for time served.

*951 ASSIGNMENT OF ERROR
Defendant contends that proof of the corpus delicti[1] and proof that his confession was voluntary were an insufficient basis for admission of his confession, absent independent evidence that he committed the crime.
"... [A]n accused party cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed by someone; in other words, without proof of the corpus delicti." State v. Willie, 410 So.2d 1019 at 1029 (La.,1982). However, it is conceded that there was proof here of the corpus delicti and the voluntariness of the confession. When the details of a proven corpus delicti are corroborated by a voluntary confession, the confession is admissible. State v. Calloway, 196 La. 496, 199 So. 403 (1940); State v. Brown, 236 La. 562, 108 So.2d 233 (1959); State v. Sellers, 292 So.2d 222 (La.,1974). In addition, the pattern of Reed's worn tires linked him to the crime.
Defendant's assignment of error lacks merit.

DECREE
For the foregoing reasons, the conviction and sentence of defendant, Raymond Earl Reed, are affirmed.
AFFIRMED.
CALOGERO, J., concurs and assigns reasons.
CALOGERO, Justice, concurring.
Defendant concedes that there was in this case a corpus delicti. His argument here is not that the absence of a corpus delicti should bar use of his confession. His argument, rather, is that the state must additionally establish some link between the defendant and the corpus delicti and that the only link here was quite nebulous: that he drove a car with worn tires and that a car with worn tires had left tracks at the scene of the crime. We have addressed this specific issue in State v. Freetime, 334 So.2d 207 (La.1976), and stated therein, without citation of authority, that there was no necessity for the link between the defendant and the corpus delicti and the defendant's confession could be admitted without independent proof of such a link.
For these reasons, I concur in the affirmance of defendant's conviction and sentence.
NOTES
[1] Corpus declicti, the body or substance of a crime, has two elements: (1) an unlawful injury has occurred; and (2) some person's illegal conduct caused that injury. 1 Wharton, Criminal Law, § 28 (Torcia ed. 1978).