HALL, Judge.
The defendant, Billy Ray Ford, was charged by bill of information with commit *1227 ting simple burglary of a building occupied by Tri-State Chemical Company in Monroe contrary to the provisions of LSA-R.S. 14:62 and with committing theft of an International Harvester bobtail truck having a value of more than $500, the property of Tri-State Chemical Company, contrary to the provisions of LSA-R.S. 14:67. After trial before a judge the defendant was found guilty of simple burglary and of unauthorized use of a movable having a value of more than $1,000. The defendant was sentenced to 10 years at hard labor on the burglary conviction and three years at hard labor on the unauthorized use of a movable conviction, the sentences to run concurrently. The defendant appealed assigning several errors, four of which are argued in brief on appeal. Those assignments neither briefed nor argued are considered abandoned.
On November 8, 1982 the Tri-State Chemical Company building located in Monroe, Louisiana was burglarized and approximately $200,000 worth of agricultural chemicals and a 10-wheel diesel truck were taken from the premises. An investigation by the Ouachita Parish Sheriffs Office was made but no physical evidence indicating the identity of the thieves was discovered.
On November 12 the sheriffs office was notified by officials in St. Landry Parish that chemicals identical to the ones taken in the Monroe burglary were being offered for sale in that parish. On the next day local police officials, officials from the Monroe Sheriffs Office, and the FBI arrested three persons attempting to sell a truckload of chemicals. Based on information received from the arrested parties the Monroe Police Department obtained a warrant for the defendant’s arrest and transmitted it to the Clarksdale, Mississippi Police Department on December 6, 1982. The defendant was arrested in Mississippi and after waiving extradition was transferred to Ouachita Parish where he made a statement to the police on January 6, 1983, admitting his involvement in the burglary.
Assignment of Error No. 1-D — Denial of the Motion to Consolidate
Prior to trial the defendant, along with three other persons charged in connection with the burglary, pro se, filed a “Motion For A Joint Trial And/Or One Trial For All Defendants”, which was denied after a hearing. On appeal the defendant argues that the motion should have been granted under LSA-C.Cr.P. Art. 706 which provides that upon motion of a defendant or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants could have been joined in a single indictment. The defendant relies on State v. Comeaux, 408 So.2d 1099 (La. 1981) where the court in dicta hypothesized that if the defendant had moved to consolidate the offenses then the trial court would be constrained to order consolidation unless the state could show a legitimate prosecu-torial end in opposing consolidation. It is argued that no legitimate prosecutorial end was shown justifying the denial of the consolidation in this case.
Granting of a defendant’s motion to consolidate under Article 706 lies within the sound discretion of the trial judge. In this case there was no showing by the defendant of any reason why the charges against the multiple defendants should be consolidated for trial, nor is there any showing of prejudice to this defendant by reason of the trial court’s denial of his motion to consolidate. The dicta contained in the Comeaux ease opinion is not applicable to the present case because Comeaux dealt with the consolidation for trial of several offenses charged against a single defendant in the context of the defendant’s entitlement to a jury trial. The present case involves consolidation for trial of offenses against multiple defendants with no showing of how the defendant’s rights might be affected by either the granting or the denial of the motion to consolidate.
There was no abuse of discretion on the part of the trial court in denying the motion to consolidate. Further, it is to be noted that the motion was not timely filed *1228 in that it was not filed within 15 days of arraignment as required by LSA-C.Cr.P. Art. 521.
This assignment of error has no merit. Assignment of Error No. 1-F — Denial of the Motion for Acquittal made by the defendant at the close of the state’s case
By this assignment the defendant contends that his conviction was based only on his confession without any other evidence connecting him to the offense. The defendant argues that in order for a voluntary confession to be admissible and to support a conviction the state should not only have to prove that a crime has been committed but should also have to prove an independent link between the defendant and the crime. Defendant cites State v. Reed, 420 So.2d 950 (La.1982) in which the court, after holding that when the details of a proven corpus delicti are corroborated by a voluntary confession, the confession is admissible, noted that, in addition, tire marks from the defendant’s car also linked him to the crime. The parenthetical reference to the additional link between the defendant and the crime in the Reed case did not establish such an additional link as a standard or requirement for the admissibility of a voluntary confession or for judging the sufficiency of the evidence to support a conviction. There is no such requirement.
In this case, proof of the burglary and taking of the truck, together with the defendant’s voluntary confession, constituted sufficient evidence of his guilt of the offenses for which he was convicted.
This assignment of error has no merit. Assignment of Error No. 1-B — Failure to suppress the defendant's confession due to the illegality of his arrest and taking him into custody
By this assignment the defendant apparently contends that the Mississippi police officer who arrested him did not display a warrant for his arrest, the arrest was therefore illegal, and the statement given thereafter should be suppressed.
This contention is without merit. According to LSA-C.Cr.P. Art. 217 it is unnecessary that a peace officer making an arrest by virtue of a warrant have the warrant in his possession at the time of arrest. It was established in this case that the defendant was arrested in Mississippi on the basis of a warrant issued by a judge of the Fourth Judicial District Court and transmitted by teletype to Mississippi. The arrest was legal. Further, even if the defendant was illegally arrested by the Mississippi officer, the confession made several days later after the defendant had waived extradition and been transported back to Louisiana was still admissible in that the causal connection between the arrest and the subsequently obtained confession was so attenuated that the confession could not be properly considered as fruit of an illegal arrest. State v. Jackson, 424 So.2d 997 (La.1982).
This assignment of error lacks merit. Assignment of Error No. 1-G — The overly severe and excessive sentence imposed upon the defendant
By this assignment the defendant contends that the sentence imposed was excessive. He was sentenced to 10 of a possible 12 years on the burglary charge and the maximum sentence of three years on the unauthorized use of movables charge, the sentences to run concurrently. At the sentencing hearing the court stated the facts of the case and noted the value of the property taken. The court further noted that suspension of sentence would be prohibited by LSA-C.Cr.P. Art. 893. The court also noted that the defendant had a long record and that this is his fifth felony conviction. The court stated that the defendant was in need of correctional treatment and any lesser sentence would deprecate the seriousness of the crime.
No mitigating factors are presented. The severe sentence is entirely justified by the seriousness of the crime and the defendant’s long criminal record.
For the reasons assigned, the defendant’s convictions and sentences are affirmed.
Affirmed.