687 So.2d 100 (1996)
STATE of Louisiana
v.
Robert BINDON.
No. 96 KA 0201.
Court of Appeal of Louisiana, First Circuit.
December 6, 1996.
*101 Jesse H. Bankston, Jr., and John A. Cannon, Baton Rouge, for State of Louisiana.
Edward R. Greenlee, Baton Rouge, for Defendant-Appellant.
Before SHORTESS and LeBLANC, JJ. and TANNER, J. Pro Tem.[1]
SHORTESS, Judge.
On August 10, 1993, the State of Louisiana charged Robert Bindon (defendant) with the felony offense of armed robbery, La.R.S. 14:64. On September 21, 1993, a jury found defendant guilty as charged. The State then alleged defendant was a habitual offender. The guilty verdict on the armed robbery charge was defendant's third felony conviction, according to the State. On December 3, 1993, the trial court held defendant's habitual offender hearing and advised him of his constitutional rights. The State filed documents into the record evincing defendant's two previous felony guilty pleas; however, defendant waived his right to have the State prove these "convictions" when he expressly stipulated to them. Based on these documents and defendant's stipulation acknowledging his prior convictions, the trial court concluded that he was a third felony offender.
The trial court next moved to the sentencing phase. Considering defendant's criminal past, lack of employment, and habitual offender status, together with other aggravating and mitigating circumstances, the trial court sentenced defendant to seventy-five years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant appealed and alleges: 1) the trial court erred when it decided he was a triple felony offender, and 2) it erred by imposing an excessive (seventy-five-year) sentence, one improperly outside the sentencing guidelines of Louisiana Code of Criminal Procedure article 894.1. However, defendant abandoned the second assignment of error, so we will concentrate on deciding whether the first assignment, defendant's habitual offender status, has merit.[2]

FACTS
We discussed the facts of defendant's armed robbery conviction in the companion case of State v. Robert Bindon, 687 So.2d 103, also decided this date. At the habitual offender and sentencing hearing on December 3, 1993, the State filed documents evincing defendant's three felony convictions. These documents showed defendant pled guilty to possession of cocaine on December 4, 1990, and guilty to attempted distribution of cocaine on December 2, 1991. He expressly acknowledged both convictions at the hearing. The State alleged the armed robbery conviction on September 21, 1993, became defendant's third felony conviction. Based on this evidence, the trial court sentenced him according to Louisiana's habitual offender law, Revised Statute 15:529.1.[3]
*102 On appeal, defendant argues he is not a triple offender, only a double offender, and that his stipulation was legally ineffectual. He contends he is not a third-time felony criminal because his conviction for possession of cocaine had not become "final" when he committed the second felony offense of attempted cocaine distribution. Thus, "the two would only count as one," he claims. Defendant cites State v. Brass, 93-2482 (La.App. 4th Cir. 2/11/94), 632 So.2d 819, as support for his argument that a conviction becomes final for predicate offense purposes (i.e., La. R.S. 15:529.1) when a defendant is sentenced for that conviction. He argues, "When a subsequent offense occurs after a prior conviction, but before the sentencing on the prior conviction, the prior conviction is not final at the time of the subsequent offense, and, therefore, the prior conviction cannot be used as a predicate offense...."
The State argues State v. Johnson, 94-1561, p. 10 (La.App. 1st Cir. 10/6/95) 664 So.2d 141, 147, writ denied, 95-2988 (La. 3/15/96), 669 So.2d 426, declined to follow State v. Brass and other cases cited by defendant, and thus his argument is interesting but not persuasive. The State says a conviction becomes final when an accused pleads guilty or when a trial court signs a guilty verdict, regardless of whether appeal delays have ended or sentencing has occurred.

LAW
Our supreme court explained how the habitual offender law, La.R.S. 15:529.1, should be applied in State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992). Mims opined (on rehearing):
The sequence necessary for enhancement of sentencing under the Habitual Offender Law is commission of crime, or crimes, followed by conviction (equals a first offender), then commission of another crime, or crimes, followed by conviction (equals a second offender), and so forth.
Mims, 601 So.2d at 651 n. 4. But recently, in State v. Johnson, 94-1561 at 10, 664 So.2d at 147, we reviewed a more narrow issue: when can a proceeding be treated as a "conviction" according to Mims or when is a conviction final for 15:529.1 purposes? In Johnson, we were faced with the same argument defendant presents in this case: a conviction becomes final only after a court imposes a sentence for that conviction. We reviewed Brass, State v. Lewis, 564 So.2d 765 (La.App. 2d Cir.1990), State v. Townley, 627 So.2d 252 (La.App. 3d Cir.1993), writ denied, 93-3011 (La. 2/4/94), 633 So.2d 169, and State v. Gani, 157 La. 231, 102 So. 318 (1924), cases supporting defendant's position and cited by defendant. Finding the precedent of those cases frustrated 15:529.1's legislative intent, we expressly declined to follow them. Instead, we found Code of Criminal Procedure article 934(3)'s definition of "convicted" better suited 15:529.1's purpose. Johnson, 94-1561 at 10, 664 So.2d at 147. Article 934(3) indicates an accused is "convicted" when the accused is "adjudicated guilty after a plea or after trial on the merits." Id. To find otherwise, said the Johnson court, would exempt many habitual offenders from 15:529.1's harsher penalties, not because they were not "convicted," but because their convictions were not deemed final (i.e., offenders committing an another crime, crime # 2, between pleading guilty or being found guilty of crime # 1 and before the trial court imposed sentence or before all appeal delays ended for crime # 1). Johnson found 15:529.1 distinguishes between a conviction and a sentence. The court also found a pending appeal does not prevent a conviction from being considered a predicate offense for 15:529.1 purposes. Id.
Johnson is controlling in this circuit, and though it was decided in 1995, it interprets statutory language and thus should be applied retroactively. In this case, *103 the State produced documents at defendant's armed robbery sentencing hearing, and the trial court accepted these without objection from defendant,[4] proving he had pled guilty or had been found guilty of committing three prior felony offenses. These documents showed he pled guilty on December 4, 1990, to cocaine possession (conviction # 1). About six months later, on May 1, 1991, and before receiving his sentence for the cocaine possession, police arrested him for another crime. About two months later, on June 21, 1991, defendant received his sentence for cocaine possession. Five months later, on December 2, 1991, he pled guilty to attempted distribution of cocaine (conviction # 2), a plea connected to his May 1 arrest. The trial court sentenced him for that felony on the same day. Two years later, on September 21, 1993, a jury found defendant guilty of armed robbery (conviction # 3). The trial court imposed sentence on December 3, 1993, for that crime.
Therefore, since defendant had three prior 15.529.1 convictions on his record at the December 3, 1993, hearing, the trial court correctly found he was a third felony offender for 15:529.1 purposes. Defendant's assignment of error lacks merit.
AFFIRMED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Defendant filed a pro se brief in which he asks this court to conduct a patent error review. Such a review is standard procedure and, having reviewed for such error, we find none. See La. C.Cr.P. art. 920(2).
[3] On December 3, 1993, Revised Statute 15:529.1(A)(2)(a) required a court to give a third felony offender a sentence ranging between a minimum of two-thirds the longest statutory prison term allowed for armed robbery and a maximum of twice that period. For example, the longest statutory penalty for a first armed robbery conviction is ninety-nine years. According to 15:529.1, the minimum sentence for a third felony offender would be sixty-six years (two-thirds of ninety-nine) and the maximum sentence would be 198 years (two times ninety-nine). Defendant's seventy-five-year sentence fits between this range. Revised Statute 15:529.1 was amended and the applicable section was renumbered as 15:529.1(A)(1)(b)(i).
[4] Defendant's appellate counsel alleges in brief defendant was denied his federal constitutional right of effective assistance of counsel because his trial counsel allowed defendant to stipulate to, and did not object to, defendant's third felony offender classification at this hearing. Based on the reasoning of Brass, Lewis, and Townley, defendant's appellate counsel argues defendant's trial counsel should have objected.

A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court, where a full evidentiary hearing may be conducted. However, where the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Teeter, 504 So.2d 1036, 1039-1040 (La.App. 1st Cir.1987). Defendant's appellate counsel does not list this as a formal assignment of error. Thus, we decline to address this issue because a full evidentiary hearing at the trial court level is more appropriate.