906 So.2d 532 (2005)
STATE of Louisiana
v.
Robert G. PUGH
No. 2004 KA 1183.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
Walter Reed, District Attorney, Covington by Dorothy A. Pendergast, Attorney for the State, Metairie, Louisiana, Counsel for Plaintiff/Appellee State of Louisiana.
Christopher A. Aberle, Mandeville, Counsel for Defendant/Appellant Robert G. Pugh.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
The defendant, Robert G. Pugh, was charged by bill of information with one count of fourth offense driving while intoxicated (DWI-fourth offense) in violation of La. R.S. 14:98. Defendant entered a plea of guilty on December 8, 2003, reserving his right to appeal the trial court's interpretation of La. R.S. 14:98(E)(1)(a), pursuant to State v. Crosby, 338 So.2d 584 (La.1976). After a Boykin examination, the trial court accepted defendant's guilty plea to DWI-fourth offense. Thereafter, defendant was sentenced to twelve years imprisonment *533 at hard labor, with the sentence to run consecutive to any other sentence then being served.
On appeal, defendant does not contest his conviction. However, he argues that his sentence is illegally harsh. We find merit in defendant's claim and, while affirming his conviction, we vacate the sentence imposed and remand for resentencing.

FACTS AND PROCEDURAL HISTORY
Because defendant pled guilty to DWI-fourth offense,[1] the facts surrounding the offense were not fully developed. However, in connection with his guilty plea, defendant stipulated that on November 26, 2002, he committed the act of operating a motor vehicle while intoxicated, that being his fourth DWI offense. Defendant had been released from incarceration for a previous DWI conviction on "good time" and was still under supervision at the time of the November 26, 2002 offense.
Prior to sentencing, the trial judge entertained argument of counsel as to the controlling sentencing provisions in this case. The prosecution argued that defendant's "good-time release" on his previous DWI conviction constituted a species of "parole" within the contemplation of the DWI statute, such that under La. R.S. 14:98(E)(4)(b), because defendant had previously had the benefit of "parole," he could not have the benefit of substance abuse treatment, no part of his sentence could be imposed with benefit of suspension of sentence, probation, or parole, and defendant's sentence could not run concurrently with any other sentence being served. Defense counsel argued, to the contrary, that defendant was entitled to be sentenced under the provisions of La. R.S. 14:98(E)(1)(a). He insisted that "good time" earned by defendant in the past did not constitute "parole" within the meaning of La. R.S. 14:98(E)(4)(b). The trial judge agreed with the position advanced by the State. He imposed sentence pursuant to La. R.S. 14:98(E)(4)(b) and ordered the sentence to run consecutive to any other sentence being served.

ANALYSIS
A defendant found guilty of DWI-fourth offense is subject to one of three different sentencing protocols, depending on the defendant's past DWI sentencing history. If a defendant has not previously had the benefit of substance abuse treatment and home incarceration for DWI-third offense pursuant to La. R.S. 14:98(D), and has not previously had the benefit of suspension of sentence, parole, or probation as a fourth offender as stipulated in La. R.S. 14:98(E)(4)(b), the appropriate sentence is provided in La. R.S. 14:98(E)(1)(a), as follows:
Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the *534 offender's substance abuse disorder. [Emphasis added.][2]
In this case, defendant's previous DWI convictions predated the home incarceration provisions now incorporated in La. R.S. 14:98(D).[3] Thus, unless La. R.S. 14:98(E)(4)(b) applies, defendant should receive a sentence of ten to thirty years imprisonment, with or without hard labor, and a fine of five thousand dollars. However, he should also receive substance abuse treatment and should have all but sixty days of his prison term suspended.
La. R.S. 14:98(E)(4)(b) provides:
If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense. [Emphasis added.]
A defendant governed by this provision, and who is sentenced to serve ten to thirty years imprisonment under La. R.S. 14:98(E)(1)(a), is not afforded the benefit of substance abuse treatment, home incarceration, or the suspension of sentence provisions also provided in La. R.S. 14:98(E)(1)(a)-(d). Our determination of which sentencing protocol applies in this case means the difference between a twelve-year sentence with all but sixty days suspended (subject to substance abuse treatment and home incarceration) and a twelve-year sentence to be served consecutive to any other sentences being served, and without benefit of suspension of sentence, parole, or probation.
It is undisputed that defendant has been previously convicted of a DWI-fourth offense. The State does not claim that defendant received the benefit of "suspension of sentence, parole, or probation" for any portion of his previous DWI-fourth offense sentence. Thus, defendant does not fall under the plain wording of La. R.S. 14:98(E)(4)(b). However, it is also undisputed that defendant's prior DWI-fourth offense sentence was diminished by virtue of his having earned a "good time" release. The State argues that this "good time" release should be considered the same as "parole," such that the defendant's earning of "good time" would now penalize him by triggering the operation of La. R.S. 14:98(E)(4)(b). We do not agree.
First, statutory interpretation begins with the language of the statute. In our view, the wording of La. R.S. 14:98(E)(4)(b) is plain and unambiguous. The terms "parole," "probation," and "suspension of sentence" all have particular meanings. These substitutes for a period of incarceration are granted in accordance with law by the trial judge at the time of the defendant's original sentencing or at the discretion of the Board of Parole. See La. R.S. 15:571.3 et seq. "Good time" is a distinct concept. It is defined at La. R.S. 15:571.3 as a diminution of sentence that *535 can be earned by certain prisoners by virtue of good behavior and performance of work or self-improvement while incarcerated. Once earned, "good time" cannot be forfeited, except under certain limited conditions. La. R.S. 15:571.4. "Good time" is, by its very nature, designed to motivate prisoners to maintain order and discipline. It would be anomalous indeed if, by earning "good time" during incarceration for one DWI conviction, a defendant would be prejudiced upon a subsequent DWI conviction.
The State relies upon the wording of La. R.S. 15:571.5 to bolster its argument that the "good time" earned by this defendant should be considered the same as "parole" so as to cause him to be sentenced under La. R.S. 14:98(E)(4)(b). Louisiana Revised Statutes 15:571.5(A)(1) stipulates that when a prisoner is released from the custody of the Department of Public Safety and Corrections on "good time," "he shall be released as if released on parole." [Emphasis added.] Louisiana Revised Statutes 15:571.5(B)(1) further provides that before any prisoner is released on parole upon diminution of sentence, he shall be issued a certificate of parole that enumerates the conditions of parole. Louisiana Revised Statutes 15:571.5(B)(2) provides that a person released because of good time "shall be supervised in the same manner and to the same extent as if he were released on parole." [Emphasis added.] The overall language of the statute preserves rather than eliminates the distinction between "good time" and "parole."[4] We follow the holdings of this court in other contexts that "good time" is not the same as "parole" within the intendment of La. R.S. 14:98(E)(4)(b). See Bancroft v. Louisiana Department of Corrections, 93-1135 (La.App. 1 Cir. 4/8/94), 635 So.2d 738, 740-41; Howard v. Louisiana Board of Probation and Parole, 589 So.2d 534, 535 (La.App. 1 Cir.1991), writ denied, 590 So.2d 87 (La.1991).[5][6]
We are further reinforced in our conclusion by the well-established tenet of statutory construction that criminal statutes are subject to strict construction under the rule of lenity. Criminal statutes are given a narrow interpretation and any ambiguity in the substantive provisions of a statute as written is resolved in favor of the accused and against the State. State v. Carr, 99-2209, p. 4 (La.5/26/00), 761 So.2d 1271, 1274-1275. Thus, even if we considered the language of La. R.S. 14:98(E)(4)(b) to be ambiguous, we would reach the same result.

CONCLUSION
For the reasons assigned, the defendant's conviction for DWI-fourth offense is affirmed. However, his sentence is vacated and we remand the case to the trial *536 judge for sentencing pursuant to La. R.S. 14:98(E)(1)(a), et seq. and without regard to the provisions of La. R.S. 14:98(E)(4)(b).
CONVICTION AFFIRMED; SENTENCE VACATED; AND CASE REMANDED FOR RESENTENCING CONSISTENT WITH THE VIEWS EXPRESSED IN THIS OPINION.
NOTES
[1] This is defendant's second conviction of a DWI-fourth offense.
[2] Immediately following this provision, La. R.S. 14:98(E) contains more specific provisions concerning in-patient treatment, home incarceration, and the seizure and impoundment of the vehicle being driven at the time of the offense. See La. R.S. 14:98(E)(1)(b)-(E)(3).
[3] The bill of information alleged that defendant had previously pled guilty to DWI charges in connection with three separate DWI offenses in 1994. The instant offense occurred in November 2002 and defendant pled guilty and was convicted on December 8, 2003. The version of the statute in effect at the time of defendant's conviction dictates the appropriate sentence. State v. Mayeux, XXXX-XXXX, pp. 5-8 (La.6/21/02), 820 So.2d 526, 539-531.
[4] Although La. R.S. 15:571.5(C) provides for what occurs "if such person's parole is revoked," after a release based upon diminution of sentence for "good time" earned by a prisoner committed to the Department of Public Safety and Corrections, the parallel provisions for prisoners in parish prison use the phrase "revocation of release." See La. R.S. 15:571.7(E) & 15:571.13(E). For that reason, we do not find the wording of La. R.S. 15:571.5(C) persuasive.
[5] In Howard, this court held that the language in the diminution of sentence statutes that release would be "as if" on parole would be unnecessary if the release was actually to be considered parole. Howard v. Louisiana Board of Probation and Parole, 589 So.2d at 535.
[6] Although we follow prior first circuit decisions holding that "good time" and "parole" are not synonymous, we question whether the legislature actually intended this distinction and would suggest that the legislature revisit this statute in light of this line of jurisprudence.