917 So.2d 29 (2005)
STATE of Louisiana
v.
William Thomas CORBITT.
No. 2004 KA 2663.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
*30 Joe Waitz, Jr., District Attorney, Jay Luke, Ellen Daigle Doskey, Assistant District Attorneys, Houma, for State of Louisiana.
Margaret S. Sollars, Thibodaux, for Defendant-Appellant William Thomas Corbitt.
Before: CARTER, C.J., PETTIGREW, and McDONALD, JJ.
PETTIGREW, J.
The defendant, William Thomas Corbitt, was charged by amended bill of information # 423,403 with operating a vehicle while intoxicated (DWI), fourth offense (instant offense), a violation of La. R.S. 14:98, and pled not guilty. Predicate # 1 was set forth as the defendant's January 21, 2004 guilty plea, under Thirty-Second Judicial District Court docket # 415,022, to DWI on April 26, 2003. Predicate # 2 was set forth as the defendant's June 17, 2004 guilty plea, under Thirty-Second Judicial District Court docket # 415,023, to DWI on May 24, 2003. Predicate # 3 was set forth as the defendant's November 8, 2002 guilty plea, under City Court of Houma docket # XX-XXXX-XX-XX, to DWI on September 30, 2002. He waived his right to a jury trial and, following a bench trial, was found guilty as charged.[1] The defendant was sentenced to ten years at hard labor without the benefit of probation, parole, or suspension of sentence and a $5,000.00 fine. He moved for reconsideration of sentence, but the motion was denied. He now appeals, designating one assignment of error. We affirm the conviction, amend the sentence, and affirm the sentence as amended.

FACTS
Houma Police Department Officer Daniel Belanger gave the following account of the events surrounding the arrest of the defendant for the instant offense. On December 26, 2003, Officer Belanger was monitoring traffic on Tunnel Boulevard. Upon looking in the rearview mirror of his vehicle, he observed the defendant approaching at a high rate of speed, and using radar, determined the defendant was driving forty-nine miles-per-hour in a thirty-five miles-per-hour speed zone. Officer Belanger activated his emergency lights and pursued the defendant's vehicle. The defendant stopped and exited his vehicle. He first looked away from Officer Belanger, but then faced him with "a very unsure look [about] what was going on." In response to Officer Belanger's telling him how fast he was going, the defendant stated he had not realized he was going that fast. Officer Belanger noticed the defendant's eyes were glassy and slightly red. Officer Belanger also noticed an odor of alcohol on the defendant's breath. In response to questioning, the defendant first stated he did not know how much alcohol he had consumed, then stated he had consumed four or five beers, and then stated he was the owner of The Party Time Lounge and had consumed "several" drinks.
*31 Officer Belanger walked to his police unit to retrieve a notepad and asked the defendant to stand in front of the police unit. The defendant walked to the back of his vehicle and steadied himself on the car. In response to Officer Belanger's question as to whether he would be able to perform a field sobriety test, the defendant indicated he would be unable to do so because he had a "steel cage" in his back from a back injury. His speech was slurred. The defendant subsequently failed a Horizontal Gaze Nystagamus test. He refused to take the Intoxilyzer 5000 test.
The State also played a videotape of the traffic stop at trial. The videotape was consistent with Officer Belanger's testimony.

ILLEGAL SENTENCE
In his first assignment of error, the defendant contends the sentence imposed was illegal. He argues he should have been sentenced under La. R.S. 14:98 E(1)(a), rather than La. R.S. 14:98 E(4)(a), because he had not received substance abuse evaluation, treatment for substance abuse at an inpatient facility, or the benefits of home incarceration prior to his sentencing for the instant offense.
Prior to amendment by 2004 La. Acts No. 762, § 1, La. R.S. 14:98, in pertinent part, provided:
E. (1)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder.
(b) The treatment professional performing the evaluation shall recommend appropriate treatment modalities, which shall include substance abuse treatment at an inpatient facility recommended by the Department of Health and Hospitals, office for addictive disorders and approved by the Department of Public Safety and Corrections for a period of not less than four weeks nor more than six weeks.
(c) The offender may be sentenced to additional follow-up substance abuse treatment services to meet the offender's needs if determined to be necessary by the offender's treating physician, for a period not to exceed twelve months. The follow-up treatment shall be provided in a manner to gradually decrease the intensity of treatment services.
(d) Upon successful completion of the inpatient substance abuse treatment required by this Paragraph, the offender shall be sentenced to home incarceration for not less than one nor more than five years in accordance with Paragraph (3) of this Subsection and shall be fined five thousand dollars.
(e) If the offender fails to complete the substance abuse treatment required by the provisions of this Paragraph or violates any condition of home incarceration, he shall be imprisoned for the original term of his suspended sentence with no credit for time served under home incarceration.
. . . .
(3)(a) An offender sentenced to home incarceration shall be supervised and *32 shall be subject to any of the conditions of probation. The court shall specify the conditions of home incarceration which shall include but shall not be limited to the following:
(i) Electronic monitoring.
(ii) Curfew restrictions.
(iii) Home visitation at least once per month by the Department of Public Safety and Corrections.
(b) The court shall also require the offender to obtain employment and to participate in a court-approved driver improvement program at his expense. The activities of the offender outside of his home shall be limited to traveling to and from work, church services, Alcoholics Anonymous meetings, or a court-approved driver improvement program.
(c) Offenders sentenced to home incarceration required under the provisions of this Section shall be subject to all other applicable provisions of Code of Criminal Procedure Article 894.2.
(4)(a) If the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to Subsection D of this Section, the offender shall not be sentenced to substance abuse treatment and home incarceration for a fourth or subsequent offense, but shall be imprisoned at hard labor for not less than ten nor more than thirty years, and at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole.
(b) If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
Trial of the instant offense was held on June 23, 2004. The defense indicated that on June 17, 2004, the defendant had pled guilty to DWI, third offense, and the trial court had imposed a partly suspended sentence, home incarceration, a $2,000.00 fine, thirty days in parish jail, and four to six weeks of rehabilitation. The defense argued La. R.S. 14:98 E(4)(a) was limited in application to those circumstances where, unlike the defendant's situation, a defendant is given the benefit of treatment and then commits a subsequent DWI offense. The trial court rejected the defense argument and sentenced the defendant under La. R.S. 14:98 E(4)(a).
The trial court correctly rejected the defense argument. Statutory interpretation begins, "as [it] must, with the language of the statute." State v. Mayeux, XXXX-XXXX, p. 4 (La.6/21/02), 820 So.2d 526, 529 (quoting Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995)). By its express terms, La. R.S. 14:98 E(4)(a) is triggered when "the offender has previously been required to participate in substance abuse treatment and home incarceration pursuant to [La. R.S. 14:98 D.]" The defense argument relies upon a reading of the language "been required to participate in" as "completed." Such a construction is not a genuine construction, according to the fair import of the words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision. See La. R.S. 14:3.
Further, not only is the defense argument at odds with the language of La. R.S 14:98 E(4)(a), it also is inconsistent with the purpose of La. R.S. 14:98 D(1) and E(1). A defendant sentenced under either La. R.S. 14:98 D(1) or E(1) is given the benefit of having a substantial portion of *33 his sentence suspended if he satisfies certain conditions involving substance abuse evaluation and treatment and home incarceration. See La. R.S. 14:98 D(1)(a)-D(1)(d) & E(1)(a)-E(1)(d). If he fails to complete his substance abuse treatment or violates any condition of his home incarceration, he is imprisoned for the original term of his suspended sentence with no credit for time served under home incarceration. See La. R.S. 14:98 D(1)(e) & E(1)(e). Sentencing under La. R.S. 14:98 E(1) is unavailable to defendants who have previously been required to participate in substance abuse treatment and home incarceration as third offenders or who have previously received the benefit of suspension of sentence, probation, or parole as fourth offenders. See La. R.S. 14:98 E(4)(a) & E(4)(b). Thus, fourth and subsequent DWI offenders are provided one opportunity for a lenient sentence. The instant defendant was provided his opportunity for a lenient sentence on June 17, 2004, in connection with his guilty plea to DWI, third offense. That opportunity precluded sentencing under La. R.S. 14:98 E(1)(a) for the instant offense.
This assignment of error is without merit.

PATENT ERROR
The defendant was sentenced to ten years at hard labor without the benefit of probation, parole, or suspension of sentence and a $5,000.00 fine. The applicable sentencing provision, La. R.S. 14:98 E(4)(a), however, does not authorize imposition of a fine.
Correction of this defect in sentencing does not involve exercise of the sentencing judge's discretion and this court is authorized to correct the sentence by amendment rather than by remand of the case for resentencing. See La.Code Crim. P. art. 882 A.; State v. Miller, 96-2040, p. 3 (La. App. 1 Cir. 11/7/97), 703 So.2d 698, 701, writ denied, 98-0039 (La.5/15/98), 719 So.2d 459. Accordingly, the sentence imposed in this case hereby is amended to delete the fine of $5,000.00.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
NOTES
[1] At the bench trial for the instant offense, the defendant stipulated to his identity as the defendant in each of the predicate offenses and that none of his constitutional rights had been violated in regard to those offenses.