917 So.2d 37 (2005)
STATE of Louisiana
v.
William Thomas CORBITT.
No. 2004 KA 2665.
Court of Appeal of Louisiana, First Circuit.
June 10, 2005.
Jay Luke, Assistant District Attorney, Houma, Counsel for Plaintiff/Appellee State of Louisiana.
Margaret Sollars, Thibodaux, Counsel for Defendant/Appellant William Thomas Corbitt.
Before: CARTER, C.J., PETTIGREW and McDONALD, JJ.
McDONALD, J.
The defendant, William Thomas Corbitt, was charged by amended bill of information # 422,418 with operating a vehicle while intoxicated (DWI), fifth offense (instant offense), a violation of La. R.S. 14:98, and pled guilty. Predicate # 1 was set forth as the defendant's January 21, 2004 conviction, under Thirty-Second Judicial District Court docket # 415,022, of DWI on April 26, 2003. Predicate # 2 was set forth as the defendant's June 17, 2004 guilty plea, under Thirty-Second Judicial District Court docket # 415,023, to DWI on May 24, 2003. Predicate # 3 was set forth as the defendant's November 8, 2002 guilty plea, under City Court of Houma docket # XX-XXXX-XX-XX to DWI, on September 30, 2002. Predicate # 4 was set forth as the defendant's June 23, 2004 conviction, under Thirty-Second Judicial District Court docket # 423,403, of DWI *38 on December 26, 2003.[1] For the instant offense, the defendant was sentenced to ten years at hard labor without benefit of probation, parole, or suspension of sentence and a $5,000 fine; this sentence to run consecutively to the sentences imposed under docket numbers 423,403, and 415,023. He moved for reconsideration of sentence, but the motion was denied. He now appeals, designating one assignment of error. We affirm the conviction, amend the sentence, and affirm the sentence as amended.

FACTS
The State did not set forth a factual basis for the instant offense. The amended bill of information charged the defendant committed the offense on October 18, 2003.

ILLEGAL SENTENCE
On appeal, the defendant contends the sentence imposed was illegal. He argues he should have been sentenced under La. R.S. 14:98 E(1)(a), rather than La. R.S. 14:98 E(4)(a), because he had not received substance abuse evaluation, treatment for substance abuse at an inpatient facility, or the benefits of home incarceration prior to his sentencing for the instant offense. For the reasons enumerated in State v. Corbitt, 2004-2663 (La.App. 1st Cir.6/10/05), 917 So.2d 29, 2005 WL 1367074 also decided this date, we find that this assignment of error has no merit.

PATENT ERROR
The defendant was sentenced to ten years at hard labor without benefit of probation, parole, or suspension of sentence and a $5,000 fine; this sentence to run consecutively to the sentences imposed under docket numbers 423,403, and 415,023. The applicable sentencing provision, La. R.S. 14:98 E(4)(a), however, does not authorize imposition of a fine.
Correction of this defect in sentencing does not involve exercise of the sentencing judge's discretion and this Court is authorized to correct the sentence by amendment rather than by remand of the case for resentencing. See La.Code Crim. P. art. 882 A.; State v. Miller, 96-2040, p. 3, (La.App. 1st Cir.11/7/97), 703 So.2d 698, 701, writ denied, 98-0039 (La.5/15/98), 719 So.2d 459. Accordingly, the sentence imposed in this case hereby is amended to delete the fine of $5,000.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
NOTES
[1] We address the defendant's appeal from this conviction in 2004 KA 2663, also rendered this date.