STATE OF LOUISIANA
v.
CHRISTOPHER EUGENE GILSON.
No. 2007 KA 1165.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
WALTER P. REED, District Attorney, KATHRYN LANDRY, Counsel for Plaintiff/Appellee, State of Louisiana.
ARTHUR A. LEMANN, IV, Counsel for Defendant/Appellant, Christopher Eugene Gilson.
Before CARTER, C.J., PETTIGREW and WELCH, JJ.
CARTER, C.J.
The defendant, Christopher Eugene Gilson, originally was charged by two separate bills of information with driving while intoxicated (DWI), fourth offense, a violation of LSA-R.S. 14:98. The offenses were alleged to have occurred on June 18, 2004, and November 8, 2004. Subsequently, the state amended the bills of information to reflect that each of the offenses was a second fourth offense. The predicate offenses alleged in both amended bills were four March 25, 2003, Twenty-Second Judicial District Court, St. Tammany Parish, guilty pleas to operating a motor vehicle while under the influence of alcoholic beverages under docket numbers 353473 (second offense), 361997 (third offense), and 361998 (fourth offense), and 361999 (fourth offense).[1]
After entering a plea of not guilty, the defendant filed a motion to quash, challenging the use of the March 25, 2003, DWI convictions. The defendant also filed a supplemental motion to quash the bills of information, challenging the use of a non jury misdemeanor conviction to ground a felony sentence. Following a hearing, the district court denied both motions. The defendant then moved, unsuccessfully, to consolidate the cases for trial.
The defendant filed a supervisory writ application with this court seeking review of the district court's rulings on the original and supplemental motions to quash and the motion to consolidate. This court denied the writ noting, "[t]he trial court did not err in denying [the defendant's] original and supplemental motions to quash." We declined to consider the application insofar as it pertained to the motion to consolidate. State v. Gilson, 05-2673 (La. App. 1 Cir. 4/6/06). The defendant then filed a writ application with the Louisiana Supreme Court, which also was denied. State v. Gilson, 06-0969 (La. 10/13/06), 939 So.2d 361.
Thereafter, pursuant to a plea agreement, the defendant withdrew his former not guilty pleas and pled guilty as charged in both cases. The defendant reserved his right to appeal "every motion" heard and denied by the district court. See State v. Crosby, 338 So.2d 584 (La. 1976). After accepting the defendant's guilty pleas, the district court sentenced him to imprisonment at hard labor for ten years without the benefit of parole on each count. The court ordered that the sentences be served concurrently with each other and with the sentence imposed in docket number 361997, but consecutive to the sentences imposed in docket numbers 361998 and 361999.
The defendant appeals, urging in three assignments of error, that the district court erred in denying the original and supplemental motions to quash and the motion to consolidate. Finding no merit in the assigned errors, we affirm the convictions and sentences.

FACTS
Because the defendant stipulated to the factual basis of the offenses and subsequently pled guilty, the facts of the cases were never fully developed for the record.

ASSIGNMENTS OF ERROR 1 & 2
In his first two assignments of error, the defendant again seeks review of the denial of his original and supplemental motions to quash the bills of information. The defendant contends the district court erred in denying the supplemental motion to quash because the DWI statute, which allows the use of non-jury misdemeanor convictions to enhance a felony sentence, violates due process and constitutional jury trial guarantees. The defendant also maintains the district court erred in denying the original motion to quash because using the prior fourth offense convictions as predicate acts violates the 2001 version of the DWI statute and the rule of lenity.
In support of his argument against the use of his non-jury misdemeanor conviction as a predicate, the defendant cites Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-2363, 147 L.Ed.2d 435 (2000), in which the Supreme Court held that, other than convictions, facts that are used to support an increase in the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. He also cites State v. Brown, 03-2788 (La. 7/6/04), 879 So.2d 1276, 1288-1289, cert. denied, 543 U.S. 1177, 125 S.Ct. 1310, 161 L.Ed.2d 161 (2005), in which the Louisiana Supreme Court held that a prior juvenile adjudication of delinquency, in which the juvenile does not have the right to a jury trial, does not qualify as a "prior conviction" for purposes of the Apprendi exception, and thus, it is unconstitutional to adjudicate a defendant a habitual offender based upon a prior juvenile adjudication.
The Apprendi court specifically recognized that prior convictions are an exception to its general rule. See Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-2363. Moreover, this court, in State v. Leblanc, 04-1032 (La. App. 1 Cir. 12/17/04), 897 So.2d 736, 741, writ denied, 05-0150 (La. 4/29/05), 901 So.2d 1063, cert. denied, 546 U.S. 905, 126 S.Ct. 254, 163 L.Ed.2d 231 (2005), stated that to use a prior guilty plea to enhance a penalty under the habitual offender law, the state need only prove the fact of a conviction and that the defendant was represented by counsel or waived counsel at the time he entered the plea. Thereafter, the burden of proof shifts to the defendant to prove a significant procedural defect in the prior proceedings. The defendant herein did not meet his burden of proving a significant procedural defect in his prior proceedings.
The defendant argues that the two prior fourth offense DWI convictions should not have been used as predicates because the concurrent nature of the sentences resulted in him not receiving the benefit of substance abuse treatment prior to these sentences. He claims he should have been sentenced only as a third offender on each of these convictions. The defendant acknowledges that current law does not support his position; however, he argues that the directions taken in State v. Mayeux, 01-3195 (La. 6/21/02), 820 So.2d 526 and State v. Pugh, 04-1183 (La. App. 1 Cir. 2/11/05), 906 So.2d 532 support his arguments. The supreme court held in Mayeux, 820 So.2d at 530, that the DWI law controlling is the law in effect at the time of the conviction, rather than the time of the offense, recognizing the legislative desire to provide more lenient penalties and addiction treatment. The effect of the Mayeux decision was that the DWI statute, as amended in 2001, was applied to defendants who committed DWI offenses prior to 2001. In Pugh, 906 So.2d at 535, this court held that good time credit is not "parole" for purposes of the DWI statute, so that a defendant, who has been given good time credit by the Department of Corrections in a previous DWI case, is not precluded under LSA-R.S. 14:98E(4)(b) from receiving a sentence with benefit of parole, probation, and suspension of sentence in a subsequent DWI conviction.
As the defendant acknowledges, the DWI statute in its present form does not support his position. Presently, regardless of whether the offense that is the subject of the present proceeding occurred before or after an earlier conviction, the earlier conviction can be used to prosecute the defendant as a subsequent DWI offender. See LSA-R.S. 14:98D(1)(a) & E(1)(a).
In State v. Bindon, 96-0201 (La. App. 1 Cir. 12/6/96), 687 So.2d 100, 102-103, this court held that a prior conviction was final (for purposes of the habitual offender statute) when a defendant pled guilty, rather than when he received his sentence. According to LSA-C.Cr.P. art. 934(3), "'convicted' means adjudicated guilty after a plea or after trial on the merits," not after a final appeal. See Bindon, 687 So.2d at 102. Similarly, the first three convictions in the defendant's case were "final" and could be used as predicates for the two fourth offense DWI convictions.
In State v. Corbitt, 04-2663 (La. App. 1 Cir. 6/10/05), 917 So.2d 29, writ denied, 05-1656 (La. 2/3/06), 922 So.2d 1174, this court held that the defendant's sentence for fourth offense DWI, of ten years imprisonment without the benefit of parole, probation, or suspension of sentence, was not illegal. In Corbitt, the defendant contended that the sentence imposed was illegal because he had not received a substance abuse evaluation, treatment for substance abuse at an inpatient facility, or the benefits of home incarceration prior to his sentencing. He argued that he should have been sentenced under LSA-R.S. 14:98E(1)(a), rather than E(4)(a). Trial of the offense was held on June 23, 2004. The defense indicated that on June 17, 2004, the defendant had pled guilty to DWI, third offense, and the district court had imposed a partly suspended sentence, home incarceration, a $2,000.00 fine, thirty days in parish jail, and four to six weeks of rehabilitation. The defense argued that LSA-R S 14:98E(4)(a) was limited in application to those circumstances where, unlike the defendant's situation, a defendant is given the benefit of treatment and then commits a subsequent DWI offense. The district court rejected the defense argument and sentenced the defendant under subsection E(4)(a). This court held that the district court correctly rejected the defense argument, stating that by its express terms, LSA-R.S. 14:98E(4)(a) is triggered when the offender has previously been ordered to participate in substance abuse treatment and home incarceration. Corbitt, 917 So.2d at 32. This court rejected the defendant's argument that the treatment had to be completed before he could be sentenced for a new DWI under subsection E(4)(a). Id. This court stated that the purpose of the statute was to allow the defendant only one opportunity for a lenient sentence in exchange for obtaining treatment. Corbitt, 917 So.2d at 33. The defendant in Corbitt was provided his opportunity for a lenient sentence on June 17, 2004, in connection with his guilty plea to DWI, third offense. That opportunity precluded sentencing under subsection E(1)(a) for his most recent offense.
In the instant case, the defendant was previously required to participate in substance abuse treatment and home incarceration pursuant to subsection D of LSA-R.S. 14:98, as a third offender, and under subsection E, as a fourth offender. The fact that the defendant received these benefits concurrently with other DWI convictions does not negate that fact. This court's holding in Corbitt is based on the plain and unambiguous language of LSA-R.S. 14:98E(4)(a). Thus, we find that the district court did not err in sentencing the defendant as a second fourth offender pursuant to LSR.S. 14:98E(4)(b).[2]
For the foregoing reasons, we hold that the district court did not err in denying the defendant's original and supplemental motions to quash. These assignments of error lack merit.

SUPPLEMENTAL ARGUMENT
During oral argument, counsel for the defendant raised a new issue regarding the sentence imposed by the trial court, and this court granted the parties leave to file supplemental briefs. The defendant argues the trial court erroneously sentenced him as a "subsequent offender" under LSA-R.S. 14:98E(4)(b), when he, in fact, pled guilty to two, second "fourth offenses." He claims his fourth offense sentences should have been imposed pursuant to LSA-R.S. 14:98E(1)(a) or E(4)(a). Although he acknowledges that he previously received a suspended sentence as a fourth offender, the defendant argues that LSA-R.S. 14:98E(4)(b) is inapplicable, as it applies only to subsequent offenses and not fourth offenses. We disagree. The defendant attempts to make a distinction between the penalties for fourth and subsequent offenses that, under the plain language of the statute, does not exist. Louisiana Revised Statutes 14:98 creates only four categories of penalties for DWI: 1) first offense; 2) second offense; 3) third offense; and 4) fourth or subsequent offenses. Subsection E of the statute provides the penalties available for fourth and subsequent offenses; the potential penalties for these offenses are the same. The penalty to be imposed is based upon whether the defendant was previously afforded a lenient sentence and mandated treatment on a prior conviction, not upon whether the defendant was convicted as a "second" or "subsequent" fourth DWI offender. See LSA-R.S. 14:98E(4)(a)-(b). The issue raised in the defendant's supplemental brief clearly lacks merit.

ASSIGNMENT OF ERROR 3
In this assignment of error, the defendant contends the district court abused its discretion in refusing to consolidate the two cases for trial. In his motion to consolidate, the defendant asked the district court to consolidate the two instant cases in the interest of "judicial economy" and because he was unable to afford private counsel to represent him in two separate prosecutions. On appeal, the defendant argues he was entitled to consolidation under LSA-C.Cr.P. arts. 493 and 706 because the charges are of a "same or similar character" and could have been joined in a single indictment.
Louisiana Code of Criminal Procedure article 706 governs requests for consolidation:
Upon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants, if there are more than one, could have been joined in a single indictment. The procedure thereafter shall be the same as if the prosecution were under a single indictment.
Louisiana Code of Criminal Procedure article 493 governs the requirements for joinder:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
Although joinder of the charges may have been proper under Article 493, the district court was not required to grant the motion to consolidate. The granting of a defendant's motion to consolidate under Article 706 lies within the sound discretion of the trial judge. State v. Ford, 454 So.2d 1226, 1227 (La. App. 2 Cir. 1984).
The defendant contends he was prejudiced by the trial court's refusal to consolidate the two cases for trial. The defendant relies on State v. Comeaux, 408 So.2d 1099, 1105 (La. 1981), wherein the court, in dicta, hypothesized that if the defendant had moved to consolidate the offenses then the trial court would be constrained to order consolidation unless the state could show a legitimate prosecutorial end in opposing consolidation. The defendant also cites State v. Jones, 396 So.2d 1272, 1274 (La. 1981), wherein the Louisiana Supreme Court held that depriving a defendant of a jury trial by separately trying two misdemeanor cases originally joined in the same bill of information was not a legitimate prosecutorial end. The defendant argues that the state's desire to try the instant offenses separately, "in order to invoke mandatory consecutive sentences," was not a legitimate prosecutorial end to justify the denial of consolidation in this case.
The dicta contained in the Comeaux case opinion and the ruling in Jones are not applicable to the present case because those cases dealt with consolidation for trial of several offenses in the context of the defendant's entitlement to a jury trial. The present case involves consolidation for trial of multiple offenses with no showing of how any rights of the defendant might be affected by either the granting or the denial of the motion to consolidate. Unlike the right to a jury trial, the defendant does not have a right to a more lenient sentence. Thus, we find no error or abuse of discretion in the trial court's denial of the defendant's motion to consolidate these cases. This assignment of error is without merit.
For the foregoing reasons, the defendant's convictions and sentences are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] The defendant was sentenced on the second offense DWI conviction to six months in parish jail, suspended sentence, with two years of supervised probation with general and special conditions. For the third offense DWI conviction, the defendant was sentenced to three years imprisonment at hard labor, with all but thirty days suspended. The thirty days were imposed without benefit of parole, probation, or suspension of sentence. The defendant was placed on supervised probation for five years with general and special conditions. For the two fourth offense DWI convictions, the defendant was sentenced to two ten-year sentences at hard labor, with all but sixty days suspended, in accordance with LSA-R.S. 14:98E. The court imposed as conditions that the defendant attend substance abuse and driver improvement programs, successfully complete drug court, place an interlock device on any vehicle he drives, and serve two years of home confinement in addition to the one year of home confinement imposed for the third offense DWI. The court noted that the sentences for all of the convictions were to run concurrently and gave the defendant credit for time served. After the defendant's arrest on the instant offenses, the court, on the predicate convictions, revoked the defendant's probationary periods and ordered him to serve the original sentences imposed.
[2] Pursuant to our LSA-C.Cr.P. art. 920(2) review for error, it was noted that defendant's sentences are illegally lenient. The trial court ordered the defendant's sentences be served concurrently with the sentence imposed in docket number 361997. No portion of a sentence received pursuant to LSA-R.S. 14:98E(4)(b) "shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense." The defendant was not prejudiced by the trial court's error, and we decline to correct the illegally lenient sentences. See State v. Price, 05-2514 (La. App. 1 Cir. 12/28/06), 952 So.2d 112, 124-125 (en banc).